Richard A. Hitchcock et al., Appellees, v. E. M. Reynolds, Appellant.

Gen. No. 8,856.

Opinion filed January 14, 1935.

Ezra J. Clark, of Canton, for appellant.

Fred H. Snyder, of Canton, for appellees.

Mr. Justice Davis delivered the opinion of the court.

Appellees, Richard A. Hitchcock, Ross Wilcoxen, Alfred Wilcoxen, James Wilcoxen and Roy Gray, filed their complaint in an action at law against appellant, E. M. Reynolds, in the city court of Canton, on February 12, 1934, to recover for services which it is alleged they severally rendered appellant.

The complaint consists of five counts, in the first of which it is alleged: 1. That during the months of August, September, October and November, A. D. 1933, the defendant, E. M. Reynolds, was possessed of a certain coal mine, situated on what is known as the Whitmore Farm, two miles east and one-half north of the City of Canton, in the county of Fulton and State of Illinois. 2. The plaintiff, Richard A. Hitchcock, says that on or about the first day of August, A. D. 1933, at the City of Canton, Illinois, the defendant, E. M. Reynolds, agreed to employ the plaintiff, Richard A. Hitchcock, to work in and about said coal mine for the sum of $4 per day; and that the said plaintiff at the request of the defendant performed labor, work and services in and about said coal mine of the defendant for the period of 75 days, and although often requested the defendant has wholly neglected and refused to pay plaintiff, Richard A. Hitchcock, for said labor, work and services performed by him as aforesaid, wherefore, the plaintiff, Richard A. Hitchcock, asks judgment for $300.

Each of the other plaintiffs, viz., Ross Wilcoxen, Alfred Wilcoxen, James Wilcoxen and Roy Gray, in separate counts reallege as though fully set out, paragraph 1 of count 1 and then allege in substance what is alleged by the plaintiff, Richard A. Hitchcock in

paragraph 2, count 1, of the complaint, except as to a variance in dates and duration of employment and amount to be received per day for services and amount for which judgment is asked.

Appellant filed a motion in the nature of a demurrer in the following words: "The defendant moves that said complaint be dismissed and as ground therefor says that the parties plaintiff and the causes set forth in the complaint are improperly joined."

The court upon a hearing thereon overruled said motion to dismiss said complaint. Appellant thereupon filed his answer in which he denied each and every allegation contained in paragraph 2 of count 1, and paragraph 3 of count 2, and paragraph 4 of count 3, and paragraph 5 of count 4 and paragraph 6 of count 5 of said complaint.

Appellant filed an application for separate trials of the complaint of the plaintiffs in said cause, which set forth in substance that it would embarrass and delay the trial of this cause not to separate said matters because of the joinder of the parties plaintiff and the causes of action as appears by the complaint filed by the plaintiffs herein, there being no common questions of fact or law existing in regard, or alleged in regard to the various counts of said complaint and the various claims of the plaintiffs herein not arising out of the same transaction or series of transactions.

The court upon consideration of said application denied the same. On motion of plaintiff, Alfred Wilcoxen was permitted at his cost to voluntarily dismiss his action as to said defendant.

None of the parties to said cause having demanded a jury the same was submitted to the court for trial. The court after hearing the evidence and the arguments of the attorneys for the respective parties found the issues in favor of the plaintiffs and rendered separate judgments in favor of the respective plaintiffs

for the amounts found due them respectively and awarded execution.

Appellant filed a notice of appeal, which on his application was made a supersedeas upon his giving bond in the penal sum of $2,500, which was approved by the court.

Appellant seeks a reversal of said judgment on the grounds that there was an improper joinder of parties plaintiff and causes of action, as disclosed by the face of the complaint, and that such improper joinder was aptly called to the attention of the trial court by his motion to dismiss; and also for the reason that the court erred in overruling his motion for separate trials; and that it was error for the court to enter a final judgment against appellant after overruling these motions.

Section 45 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 173, provides that "(1) All objections to pleadings heretofore raised by demurrer shall be raised by motion. Such motion shall point out specifically the defects complained of, and shall ask for such relief as the nature of the defects may make appropriate, such as the dismissal of the action or the entry of a judgment where a pleading is substantially insufficient in law, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out, or that necessary parties be added, or that designated misjoined parties be dismissed, and so forth."

This section abolishes demurrers and substitutes a motion in the nature of a special demurrer, in that the motion must point out specifically the defects complained of and ask for such relief as the nature of the defects may make appropriate.

A motion which fails to allege facts pointing out specifically the defects complained of and to ask for such relief as the nature of the defects may make ap-

propriate, is insufficient in law and will not be entertained by the court.

The purpose of the Act, in requiring the motion to specifically point out the nature of the defects, is to inform the party against whom the motion is directed what the contention of the party is, so that he may make preparation to meet such contention.

Misjoinder of parties is not a ground of abating the action; but under said section 45 of the Civil Practice Act a motion will be entertained to require parties improperly joined to be dismissed. No action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped by order of the court at any stage of the cause, before or after judgment, as the ends of justice may require. Civil Practice Act, sec. 26, Cahill's St. ch. 110, ¶ 154.

Even though there might be a misjoinder of parties plaintiff, as claimed by appellant in his motion, the court would not be authorized to dismiss the complaint for that reason.

A motion which seeks to raise the question of misjoinder of causes of action in the complaint must specifically point out such defect by proper allegations, and it is not sufficient to simply allege that the complaint is defective because the causes of action alleged therein are improperly joined. The court did not err in overruling the motion of appellant to dismiss the complaint.

When a question as to the sufficiency of a complaint is raised by a motion and acted upon by the court, it cannot again be raised by answer; and even under section 48 of the Civil Practice Act which provides for involuntary dismissal for certain defects appearing on the face of the complaint when a motion is made raising any of such defects, it cannot again be raised by answer if the court shall have made a decision thereon.

And the court did not abuse its discretion in denying the application of the appellant for separate trials in said cause. Appellant had filed his answer to the complaint and the cause was at issue; the amounts involved were small and none of the parties had demanded a jury trial, and it does not appear that such joinder would embarrass or delay the trial of such action. A complaint that is so defective that it will not sustain a judgment may be taken advantage of on a motion in arrest of judgment. All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived. Civil Practice Act, sec. 42, par. 3, Cahill's St. ch. 110, ¶ 170. Appellant having failed to properly present to the trial court for its consideration the question as to the misjoinder of the parties plaintiff and causes of action, we are precluded from considering the question as to whether the allegations of the complaint show that the causes of action arise out of the same transaction or series of transactions or as to whether any common questions of fact or law would arise had plaintiffs brought separate suits. The judgment of the circuit court is therefore affirmed.

*Affirmed.*