People of the State of Illinois for use of Pope County, Appellants, v. Joe Shetler et al., Appellees.

Opinion filed March 2, 1943.

J. Ado Whiteside, State's Attorney, and S. S. Du-Hamel, of Springfield, for appellants.

Scerial Thompson, of Harrisburg, Chas. Durfee, of Golconda, and Grover E. Holmes, of Metropolis, for appellees.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal by appellants (hereinafter called plaintiffs), People of the State of Illinois for the use of the County of Pope, a municipal corporation, to reverse a judgment rendered in the circuit court of Pope county, dismissing the complaint as filed by plaintiffs. The complaint in this action is brought upon the bonds of defendant Joe Shetler, as sheriff and *ex officio* county collector of Pope county, for

failure to pay over to the county treasurer interest
which he collected upon delinquent taxes, and, in the
alternative, to recover on such bonds for failure to
comply with his duties and the conditions of the bonds
in failing to collect interest on such delinquent taxes.
The complaint consists of eight counts, the first four
counts being predicated upon the bond for the respec-
tive years of 1935, 1936, 1937, and 1938. Each of the
sureties on the respective bonds is joined in the action.
The first four counts charged that the collector col-
lected and diverted to his own use the 1 per cent per
month interest on delinquent taxes provided for in
section 705, of chapter 120, of Ill. Rev. Stat. 1941
[Jones Ill. Stats. Ann. 119.721]. In the last four
counts Joe Shetler is charged with having failed and
neglected to collect such 1 per cent interest.

All of the defendants filed motions to strike the
complaint and set up as reasons for such motions,
substantially the following: (First) That there was
a pending action in the same court and that the
plaintiff in this cause is the same plaintiff in that
case, and all of the defendants in this cause are
named as defendants in the other cause; and also
that the subject matter is the same in this cause as
in the other cause; (Second) That the complaint
should be stricken for the reason that it does not
state that plaintiff was lawfully entitled to the sums
of money sought to be recovered; (Third) that the
complaint should be stricken for failure to clearly,
concisely, and definitely state the specific breach or
breaches relied upon; (Fourth) That the nominal
plaintiff is not the actual owner of the cause of ac-
tion (because of an alleged assignment to one of the
attorneys); (Fifth) That the complaint should be
stricken for the reason that it fails to state a cause
of action and is vague, indefinite and incomplete; and
(Sixth) That the complaint should be stricken for
multifariousness in that separate and distinct mat-

ters are improperly joined in the complaint. The court below allowed the motions to dismiss. Plaintiff thereupon elected to stand by the complaint, and the court entered an order dismissing the complaint and entered judgment in favor of the defendants, and as against the plaintiff, and in bar of the action. Plaintiff contends that the court erred in sustaining such motions and appeals to this court for reversal of the judgment entered in such court.

The action as against defendants, who were sureties on the annual bonds given by the defendant Joe Shetler as county collector and as against Joe Shetler, as principal, involves a consideration of sections 705, 657, 688, 671, 761, 762, 763, 764, 780, 786, 662, 804 and 805, of chapter 120, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 119.721, 119.673, 119.704, 119.687, 119.777, 119.778, 119.779, 119.780, 119.796, 119.802, 119.-678, 119.820, 119.821], as well as section 13 of chapter 103, of Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 92.13]. By the terms of the sections of the act referred to it is obvious that a right of action exists as against the principal and his sureties, by reason of the alleged collection and diversion to his own use of the 1 per cent interest on delinquent taxes provided for in section 705 of chapter 120 hereinabove referred to. The motions filed herein are to strike the entire complaint and do not refer to any particular counts. On the basis of the motions as filed, we are of the opinion that the court below erred in sustaining the motions to dismiss the complaint and should have overruled the motions in the form as presented herein.

The contention set forth in the motions purporting to refer to a prior suit pending, fails to comply with the provisions of the Civil Practice Act in setting up such ground. It is apparent that the defect complained of does not appear on the face of the complaint and there is no affidavit attached to the motions, setting forth the facts as to any prior suit pending, in

accordance with the provisions of section 48 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.048].

The contentions set forth in the motions that plaintiff is not entitled to the sums of money sought to be recovered, or that the nominal plaintiff is not the actual owner of the cause of action because of the fact that an arrangement between the attorney and the county of Pope had been made for payment of the attorney on a contingent basis, would not be ground for striking the complaint. As indicated in the case of *Kelley, Maus & Co. v. Newman,* 79 Ill. App. 285, an agreement between a client and his attorney to pay the attorney a percentage of the claim for collecting it, is a mere promise to pay that charge and is not an assignment of that portion of the claim.

The allegations of the motions that the complaint fails to state definitely the breaches relied upon, or that it fails to state a cause of action, likewise cannot be sustained for the reason that the complaint, in the first four counts, in alleging that Joe Shetler had failed to pay such sum to the county treasurer, set forth a clear violation of the terms and provisions of the bonds, and a right of action accrued to the plaintiff by the terms of the bonds, under the law. Under the sections of chapter 120 referred to above, it became the duty of Joe Shetler to pay over the sums collected by him as *ex officio* collector of taxes of the county. Where the condition of an official bond is that the officer faithfully perform the duties of his office, the statutes prescribing such duties become a part of the bond, so that the sureties thereon are liable for any dereliction in the performance of any duty required by the officer by statute (*Estate of Ramsay v. People,* 197 Ill. 572). The sureties upon the successive bonds given by Joe Shetler are liable for defaults occurring during the particular periods for which the bonds were given (*People v. Bowman,* 147 Ill. App. 67), and may be sued in an action jointly

with the principal (sec. 13, ch. 103, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 92.13]). Accordingly, if the action in the instant case had been instituted upon one bond against Shetler and his sureties, based upon the allegations that he collected and failed to pay over moneys, pursuant to section 705, it is obvious that such action would be proper and that such complaint (as is true of the first four counts) would state a cause of action. The only question which arises in the instant case is whether a striking of the complaint is justified upon the basis of the motions of the defendants, as filed herein.

We must conclude that a dismissal pursuant to the general objections set forth in such motions was not proper. As pointed out in *Hitchcock v. Reynolds,* 278 Ill. App. 559, a motion which fails to allege facts pointing out specifically the defects complained of, and to ask for such relief as the nature of the defects may make appropriate, is insufficient in law, and should not be entertained by the court. In the instant case the only contention made is that the complaint should be stricken for multifariousness, and for improper joinder of separate and distinct matters. The court, in *Hitchcock v. Reynolds, supra,* points out, at page 563 ''Misjoinder of parties is not a ground of abating the action; . . . but, under section 45 of the Civil Practice Act, a motion will be entertained to require parties improperly joined to be dismissed. No action shall be defeated by the nonjoinder or misjoinder of parties. . . . A motion which seeks to raise the question of misjoinder of causes of action in the complaint, must specifically point out such defect by proper allegations, and it is not sufficient to simply allege that the complaint is defective because the causes of action alleged therein are improperly joined.''

In view of sections 45, 48 and 50, of the Civil Practice Act [Jones Ill. Stats. Ann. 104.045, 104.048,

104.050], and the construction adopted by the courts of this State, consistently with *Hitchcock v. Reynolds, supra,* the dismissal of the action herein on the basis of the motions before the court, was not justified. There was no request made in such motions that any designated misjoined parties be dismissed, as provided by the specific provisions of section 45 of the Civil Practice Act. The only relief demanded was that the complaint be stricken in its entirety. In view of the fact that the first four counts of the complaint referred to herein, unquestionably stated a cause of action, as against defendants, and on the basis of the sections of the Civil Practice Act referred to, and of the interpretations thereof which have manifested the fact that the Civil Practice Act, in dealing with joinder of plaintiffs and defendants in causes of action in one action, is remedial, and tends to lessen delays and expenses of litigation where possible, and that such provisions should be liberally construed (*Weigend v. Hulsh,* 315 Ill. App. 116), we must conclude that the court below erred in dismissing the complaint on the motions as filed by defendants. A dismissal of the last four counts of the complaint for failure to state a cause of action would, in our judgment, have been proper, and permitting the sureties on each of the four bonds to have separate trials on each of the four bonds will adequately protect such parties and be in keeping with both the spirit and the letter of the Civil Practice Act.

This cause will, therefore, be reversed and remanded to the circuit court of Pope county, with directions to set aside the judgment heretofore entered herein, and to proceed in this cause in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*