William T. Winn et al., Appellants, v. Augusta Under-
wood, per se, as Widow of Manfred Underwood,
Deceased et al., Appellees.

298

Heard in this court at the February term, 1945. Opinion filed March 5, 1945. Released for publication April 5, 1945.

GROVER E. HOLMES, of Metropolis, and CHAS. DUR-
FEE, of Golconda, for appellants.

BARTLEY & KARBER, of Shawneetown, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of
the court.

This is an appeal from an order of the circuit court
of Hardin county, dismissing an amended complaint
filed on behalf of appellants, William T. Winn, Nora
Winn, Sadie McDowell, Nannie Shufflebarger and
Nona Matheny (hereinafter called plaintiffs), and
awarding judgment for costs against said plaintiffs in
favor of appellees, Augusta Underwood, *per se,* as
widow of Manfred Underwood, deceased, and as ad-
ministratrix of the estate of Manfred Underwood, de-
ceased, Frank Kamm, W. B. Guard, Dorcia Sturgeon,
Viola Lindsey, Millard Underwood, Addie Mann, Ef-
fie Miller, Tressie Stell, and James Arthur Freyley
(hereinafter called defendants).

The amended complaint for consideration on appeal
alleged in substance that defendants, Frank Kamm,
W. B. Guard, Fannie Underwood and Manfred Under-
wood (in his lifetime) "though pretending to limit
their underground mining of minerals . . . know-
ingly, willfully and tortiously, without the permission
or consent of the plaintiffs . . . and after having
been expressly forbidden so to do, crossed over the
boundary between the property under their control,
and the premises owned by plaintiffs, and mined and
removed from the premises of plaintiffs a large amount
of fluorspar." After the filing of the original com-
plaint in the proceedings, as against the four indi-
vidual defendants, one of the individual defendants,
Manfred Underwood, died, and in the amended com-
plaint the three surviving individual defendants and
the administratrix of the deceased defendant, as well

as the heirs-at-law of said deceased defendant, were made parties defendant.

The amended complaint consists of two counts. The first count alleges the ownership of the lands in question and recites incidental facts relating to the mining of fluorspar and, likewise, recites that the surviving original defendants and the deceased original defendant failed to make certain maps or charts, in accordance with ch. 93, par. 115, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 82.115], and that, on the contrary, such defendants refused permission to plaintiffs to make a survey of the mining operations and the premises. The first count concludes with a prayer for judgment as against the surviving individual defendants, individually and collectively, in the sum of $20,000; and in another paragraph, for judgment as against the administratrix of the deceased original defendant in the sum of $20,000, such damages to be paid plaintiffs in due course of administration of said estate; and in a separate paragraph, judgment as against the heirs-at-law of the deceased original defendant, for all damages sustained by plaintiffs not to exceed $20,000, and specifically requests that all property coming into the possession or under the control, or inherited by the heirs from the deceased original defendant, be impressed with a lien for all damages sustained by plaintiffs in consequence of the tortious and illegal acts of the deceased original defendant. The second count of the complaint realleges all matters originally alleged in the first count of the complaint, with the exception as to the recital as to maps and contains an additional paragraph specifically stating that the three surviving defendants have been and are trespassing upon the lands of the plaintiffs by entering upon and mining and removing minerals therefrom, contrary to the provisions of secs. 2, 3, 4 and 5 of ch. 94, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann.

82.144–82.147]. In such count the plaintiffs, likewise, request that the court appoint a competent and suitable person to descend into the mine and make examinations and surveys to ascertain whether ore has been removed from the premises of the plaintiffs, and the amount thereof; that the expense of the examinations be added to the damages of plaintiffs; and, likewise, makes a specific demand to recover from the defendants, in addition to other costs or damages sustained, special damages in the amount of $500.

To such complaint the defendants filed a motion to dismiss each of the two counts, upon grounds detailed in such motion. As to count one, the defendants moved for a dismissal on the ground, (First) That the heirs-at-law of the deceased original defendant, the administratrix of the estate of such deceased defendant, and the surviving individual defendants, could not be sued jointly for the reason that there would ''have to be three separate judgments,'' one against the surviving original defendants, one against the administratrix of the deceased original defendant, and one against the heirs of the deceased original defendant; (Secondly) On the ground that the plaintiffs have joined in a single count, three different causes of action against the defendants, and that none of the causes of action are connected with each other, so that it becomes necessary or proper that they should be litigated in the same proceeding; and (Third) That under section 12 of the Abatement Act of the State of Illinois [Ill. Rev. Stat. 1943, ch. 1, par. 12; Jones Ill. Stats. Ann. 107.012], the death of one of the original defendants worked a severance of the causes of action, and that the complaint could only proceed as against the original defendants surviving the deceased. The heirs of the deceased original defendant moved that the first count of the complaint be dismissed for the reasons, (First) That the complaint, as

amended, did not contain an allegation that such heirs have real estate that came to them from the deceased defendant by descent, or that the personal assets of the estate of the deceased defendant were insufficient to pay the demand of plaintiffs; and (Second) For the reason that the heirs of said deceased defendant could only be liable for any debt of such deceased defendant in excess of the personal assets of the deceased.

All of the defendants moved that paragraph 8 of the first count of the amended complaint be stricken for the reason that the allegations are immaterial. That paragraph referred to the making of maps and the refusal of permission to make a survey. The defendants, likewise, moved that the first count be dismissed for the reason that the amended complaint is not an amendment of the original cause of action, but an attempt to bring an action under sec. 11 of ch. 59 relating to Frauds and Perjuries (1943 Ill. Rev. Stat.) [Jones Ill. Stats. Ann. 55.11].

The three surviving defendants moved that count two of the complaint be dismissed for the reason that plaintiffs have joined in said count causes of action for damages under sec. 5 of ch. 94 on Mines, and under sec. 2 of ch. 94 on Mines, under the Illinois Revised Statutes. The latter objection noted is the only objection raised as to count two of the complaint by motion of defendants. There was no specific request for dismissal of the complaint. After consideration, the trial court entered an order sustaining defendants' motion and dismissing the complaint, and reciting that plaintiffs were given leave to amend and elected to abide by their complaint, and the court thereupon ordered that plaintiffs take nothing by their complaint, and awarded costs as against plaintiffs. It is from such order of the court that plaintiffs now appeal. It is contended on appeal by plaintiffs that the court erred in sustaining the motion of defendants and in dismissing the amended complaint.

■ ■ It is notable that the only specific objection in the motion to dismiss count two of the complaint was to the effect that such count of the amended complaint should be dismissed for the reason that plaintiffs have joined in the count, two causes of action for damages, one under sec. 5 of ch. 94, and the other under sec. 2 of ch. 94 on Mines, under the Illinois Statutes. Under rule 12 of the Rules of Practice and Procedure [Ill. Rev. Stat. 1943, ch. 110, par. 259.12; Jones Ill. Stats. Ann. 105.12], and under clause 1 of sec. 43 of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 167; Jones Ill. Stats. Ann. 104.043, subpar. (1)], it is expressly provided that different breaches of duty, whether statutory, or at common law, or both, growing out of the same transaction, or based upon the same set of facts, may be treated as a single claim or cause of action and set up in the same count, and, similarly, that parties may plead as many causes of action, etc., as they may have, provided each is separately designated and numbered. On the basis of the motion presented in the court below, which we are called upon to review, it is obvious that the court erred in ordering a dismissal as to count two of the complaint. The complaint recites only a single transaction and a single set of facts, which is quoted above in the statement of facts to the effect that the original defendants "knowingly and willfully, without permission or consent of plaintiffs, mined and removed a large amount of fluorspar from plaintiffs' premises." In view of the provisions of the Practice Act, the objection made by defendants to such second count of the complaint should have been overruled. On the basis of the record, this is not a situation of the character found in *Randall Dairy Co. v. Pevely Dairy Co.,* 278 Ill. App. 350, where the separate causes of action under consideration averred in different paragraphs were wholly unrelated and were not based upon the same set of facts, and therefore, not joinable in the same count. The language of rule 12, to the effect

that a party shall not be required to plead separately, causes of action arising out of the same transaction or based upon the same set of facts, but may make a single statement of the transaction or facts, and follow this with a statement of the various legal grounds upon which he claims to be entitled to recover under such facts, indicates clearly that it would not be ground for dismissal of count two that alternative claims for relief are stated upon a certain set of facts. It was, therefore, erroneous for the court below to dismiss the complaint and enter judgment for costs as against plaintiffs.

■■ The complaint of plaintiffs in the instant case and the grounds for dismissal of count one raised a number of questions for consideration of this court, and for reconsideration by the trial court upon remandment of this cause. The motion of defendants insofar as it seeks to make an issue of the question of misjoinder of parties defendant, should have, under the Illinois Revised Statutes, ch. 110, par. 169 [Jones Ill. Stats. Ann. 104.045], pointed out specifically which designated misjoined parties be dismissed, or specifically point out other relief sought, or wherein the pleading, or division thereof, is insufficient. The amended complaint in this action, as a whole, seems to be based upon a single transaction, and prior to the death of Manfred Underwood, would have presented no serious complications. The major questions arose by reason of the death of said decedent and the joinder of his personal representative and the heirs of his estate. It would seem that better practice under the Civil Practice Act should require that the causes of action as against the surviving defendants, as against the administratrix of the estate of the deceased, and as against the heirs-at-law of the deceased original defendant, should all be separately stated in different counts (ch. 110, par. 157, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.033]).

■ The parties to this proceeding seem to have been somewhat confused as to the proper procedure as against the various parties defendant and the right to maintain a single action as against such various parties. We had pointed out, in *People for use of Pope County v. Shetler,* 318 Ill. App. 279, that misjoinder of parties would not be ground for abating of an action, and we there referred to the case of *Hitchcock v. Reynolds,* 278 Ill. App. 559, in which case it was determined that a motion which failed to allege facts pointing out specifically, defects complained of, and to ask for such relief as the nature of the defects may make appropriate is insufficient in law. In the *Shetler* case (*supra*) we pointed out that where a cause of action is stated as against separate defendants, a liberal construction of the provisions of the Practice Act relating to the question of joinder of parties did not require that there be a dismissal under the facts in that case. Similarly, in the instant case, all of the parties defendant in this action, in the respective capacities in which they appear, may properly be made parties defendant and a dismissal of the complaint would not be justified on the ground of misjoinder. Under par. 148 of ch. 110 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.024], it is expressly provided that any person may be made a defendant whom it is necessary to make a party defendant for a complete determination or settlement of any question involved in a case arising out of the same transaction or a series of transactions, regardless of the number of causes of action joined, and that each defendant need not be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him, and the fact that there would be separate judgments as against defendants does not require that separate actions be instituted if other conditions referred to in the Practice Act exist.

Under par. 178, ch. 110, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.054], it is expressly provided that where, by reason of death after the commencement of an action, a change or transmission of interest or liability occurs and it becomes necessary or desirable that any person not already a party should be before the court, that the action does not abate, but that an order may be made that an heir, personal representative, etc., may be made a party in substitution for or in addition to any other party, and that the cause or proceeding may be carried on with the continuing parties and the new parties, with or without change in title of the cause, and provides for certain procedure to bring such parties into the case. It appears that in the instant case the parties waived the requirements as to procedure and came into the case by motion for the purpose of attacking the complaint on other grounds. Such parties, that is, the personal representative of the estate of the deceased, and the heirs-at-law of the deceased, are therefore in this cause as proper parties defendant.

Among other grounds set forth in the motion of defendants are specific recitals to the effect that the amended complaint does not contain an allegation that the heirs have real estate which came to them by descent, or that the personal assets of the estate of the deceased were insufficient to pay the demands of plaintiffs. A specific recital to the effect that real estate was inherited by the heirs-at-law of the deceased could profitably be incorporated in recasting the pleadings in the proceeding, and the prayer for relief similarly should request relief to the extent by which said heirs are legally obligated, that is, as to all property which they receive as heirs-at-law, with due regard to the consideration that the personal estate of the deceased is the primary fund for the payment of the debts and that real estate inherited by the heirs may be subjected to such payment if it is made to ap-

pear that the personal estate is deficient to make the payment.

 It appears that the allegations relating to the making of maps and charts, could be treated as surplusage. The objection that the amendment was not an amendment to the original cause of action and was an attempt to bring an action under sec. 11 of ch. 59, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 55.11] seems to have no foundation, and we do not believe deserves any further consideration in this opinion.

 This cause will, therefore, be reversed and remanded to the circuit court of Hardin county, with directions to such circuit court to set aside the judgment entered therein and to overrule the motion to dismiss the amended complaint, and to grant leave to defendants, if defendants desire to do so, to file motions requiring plaintiffs to plead in separate counts the claims and causes of action as against the surviving defendants, the administratrix of the deceased estate, and the heirs-at-law of the deceased original defendant.

*Reversed and remanded, with directions.*