Henry Lederer and Jennie Guettel, Plaintiffs, Jake Levin, Appellant, v. St. Clair Hotel, Inc. et al., Appellees.

Gen. No. 44,729.

Opinion filed December 20, 1949. Rehearing denied December 30, 1949. Released for publication January 5, 1950.

EDWARD GRAFF and JEROME M. BROOKS, both of Chicago, for appellant.

MITCHELL EDELSON and WILLIAM N. WISE, both of Chicago, for certain appellee.

HOFFMAN & DAVIS, of Chicago, for certain other appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

From a decretal order entered November 5, 1948, which order, *inter alia,* dismissed the cause for want of equity, Jake Levin, additional party plaintiff and intervening petitioner, appeals.

As the chancellor dismissed the cause upon the pleadings without hearing evidence, we will outline the pleadings at the time the order of November 5, 1948,

was entered: On April 23, 1946, Henry Lederer and Jennie Guettel filed their complaint against St. Clair Hotel, Inc., a corporation (hereinafter also called Hotel), and The Trust Company of Chicago, as Trustee under Trust No. 5163. By a supplemental complaint filed March 12, 1948, Joseph W. Koebel and Managers, Incorporated, a corporation, were made additional defendants. The complaint alleges that Henry Lederer, plaintiff, was the owner of 2,010 shares of stock, and Jennie Guettel, plaintiff, the owner of 1,500 shares of stock in Hotel; that The Trust Company of Chicago as trustee for an undisclosed principal entered into a contract with Hotel to purchase all of its property and also to purchase its capital stock from individual stockholders; that on April 15, 1946, plaintiffs received a communication from Hotel which stated that it had received an offer of $1,100,000 from The Trust Company of Chicago to purchase the property consisting of Hotel; that no other offer for the purchase of the property would be submitted to the stockholders and that if the offer would be accepted there would be available for each share of stock approximately $2.99; that a notice for the annual meeting was also inclosed but that the notice contained no mention concerning the restrictions that no other bids would be accepted; that a form of proxy was also inclosed asking the stockholders to approve the sale; that this proxy was silent as to the restriction that no other offer would be received; that at the same time The Trust Company of Chicago addressed a communication to the stockholders agreeing to purchase their stock for $2.99 per share without waiting until the deal was closed; that the stockholders were also informed that the books of transfer would remain open until April 26, 1946, giving the purchaser the right to vote the stock purchased and also making available to it the names and addresses of all stockholders. The com-

plaint further sets forth that the property of Hotel is worth far in excess of the appraised value and the proposed purchase price and that if competitive bidding were allowed the property would bring far in excess of the price offered; that plaintiffs do not object to the sale of the property but object to the restrictions prohibiting any higher offer and in making the names and addresses of the stockholders available to the purchasers so that they could purchase stock and vote the same in their favor. The complaint charges that the directors are without power to submit the sale of the property with the restrictions that no other bids would be received, and that it is beyond the authority of the Board of Directors to submit such conditions and to solicit proxies for such purposes; that it is the duty of the directors to obtain the maximum amount from the sale of the property for the benefit of the stockholders. The supplemental complaint filed March 12, 1948, alleges that on March 3, 1948, Hotel mailed a new communication to the stockholders which states that a written offer has been received from defendant Joseph W. Koebel in which he agrees to purchase the property of Hotel for $1,100,000; that Koebel is identified with Managers Incorporated as its treasurer, and that said Managers Incorporated is the agency which was employed for the past thirteen years by Hotel to operate and manage the hotel, and that a substantial number of shares of Hotel are held by nominees for the benefit of Managers Incorporated; that the offer made by Koebel is objectionable in that it gives Koebel the privilege of meeting any higher bids and is substantially the same as the previous offer described in the original complaint; that if the sale is completed to Koebel the shareholders will receive $2.50 per share, which is less than the shareholders would have received under the previous offer; that the new offer is subject to the

217

same objections as the previous offer and is subject to more scrutiny because of the ownership of large blocks of stock by persons affiliated directly or indirectly with the offeror, and plaintiffs pray that the court enjoin the sale upon the above basis and that a sale be held upon competitive bidding without restrictions. On March 17, 1948, one D. Bobrow by order of court was given leave to file his intervening petition in which he alleges substantially all of the allegations of the original and supplemental complaints. On March 19, 1948, by order of court Jake Levin, appellant, was given leave to file his intervening petition and be considered an additional party plaintiff. This intervening petition sets forth that he is an original owner and holder of 500 shares of Hotel which he received in exchange for original mortgage bonds which were issued in the reorganization of said hotel in 1934. The intervening petitioner joins in all of the allegations in the original and supplemental complaints and in addition sets forth that if said building would be submitted for sale at free and open competitive bidding without any privilege or option to the purchaser, Managers Incorporated, or anyone else, that "he" would secure a higher offer. Petitioner alleges that he is prepared to bid $1,200,000 for the property and as evidence of his good faith he tenders a certified check in the sum of $50,000. The petition further alleges that the report of the president of Hotel that the company will be unable to consider favorably the declaration of any dividend was made for the purpose of coercing the shareholders to sell the property to the controlling stockholders. Defendants were ordered to answer or plead to said intervening petition of Levin. On April 2, 1948, by leave of court, intervening petitioner Levin filed an amendment to the intervening petition in which he joined in the allegations of the original and supplemental com-

218

plaints and further set forth that at the meeting of the shareholders held March 20, 1948, he experienced considerable difficulty and obstruction on the part of the officers of Hotel; that he was finally able to present a written offer for the purchase of the property in the amount of $1,200,000 and that he presented at said meeting a cashier's check for $50,000 as earnest money; that the president of the corporation accepted an offer by some person representing Managers Incorporated for the sum of $1,200,000; that the president of the corporation notified intervenor Levin that the property was sold to Joseph W. Koebel for the sum of $1,201,000; that Managers Incorporated claims that it owns and controls a substantial number of the outstanding shares of Hotel and that it also has control of the election and conduct of the majority of the Board of Directors of Hotel; that the proceedings at said meeting constituted a fraud upon the shareholders of Hotel; that the intervenor, Levin, is ready, willing and able to offer the sum of $1,300,000 for the property of Hotel. On April 22, 1948, the following order was entered:

"On motion of Mitchell Edelson, attorney for the defendant, St. Clair Hotel, Inc., for leave to withdraw the written motion to dismiss, heretofore filed herein by said defendant, and to file the answers of said defendant to the original and supplemental complaint and to the intervening petition of D. Bobrow and amended intervening petition of Jake Levin herein; and due notice having been given to all parties entitled thereto; and the court being fully advised in the premises, Doth Hereby

"Order that leave be, and the same is hereby given to the defendant, St. Clair Hotel, Inc.

"1) to withdraw its written motion to dismiss, heretofore filed in this cause; and

219

"2) to file its answers this 22nd day of April, 1948, to
"a) the original and supplemental complaint of the plaintiff's herein;
"b) the intervening petition of D. Bobrow; and
"c) the amended intervening petition of Jake Levin."

Thereafter Hotel and Joseph W. Koebel filed answers to the supplemental complaint of plaintiffs and to the amended intervening petition of Levin, appellant. The answers set forth, in substance, that the average stockholder was not misled by reason of any matter set forth in the complaint and that the offer of The Trust Company of Chicago referred to in the original complaint was not passed by reason of the fact that it did not receive the affirmative votes of at least two-thirds of the outstanding stock. Answering the supplemental complaint defendants state that the terms of the new offer are not contrary to public policy; that on February 6, 1948, Joseph Koebel offered to purchase the property for $1,100,000 and that the Board of Directors at a meeting duly held submitted the same to the stockholders for their consideration and called a meeting of the stockholders for March 20, 1948; that at a meeting held on said date Levin bid on the property and also one Charles Grosscurth; that the latter offered $1,200,000 for said property and tendered a check for $100,000 as earnest money, and that thereupon, by the affirmative vote of more than two-thirds of the holders of outstanding stock, it was resolved that the offer of Grosscurth be accepted subject to the right of Joseph W. Koebel to raise said offer by not less than $500; that upon due notice to Koebel he agreed to raise his bid to $1,201,000, which said bid was accepted by Hotel. The answers admit that a substantial number of the outstanding shares of Hotel are held by persons known to be nominees of Managers Incor-

220

porated. The answers aver that said directors acted in good faith and in accordance with the applicable laws of the State of Illinois, and that plaintiffs are not prosecuting this suit in good faith. The answers further aver that by Section 73 of the Corporation Act of Illinois the intervenors and plaintiffs are given a complete and adequate remedy and that they have failed and neglected to make written demand on the defendant corporation for the payment of the fair value of their respective shares within twenty days as provided in Section 73 of said Act and hence the plaintiffs and intervenors are not entitled to any relief; that neither the original complaint nor the intervening petition or amended intervening petition set forth any cause of action. On September 17, 1948, on motion of plaintiffs, it was ordered that the original complaint and supplemental complaint filed by them ''be and is hereby dismissed *without prejudice to the rights of any of the intervenors or to any motion for leave to intervene.''* On November 5, 1948, Levin, appellant, presented to the court a supplement to his amended petition which supplement sets forth that Koebel, the alleged buyer of Hotel, is an employee in the employ of Managers Incorporated and as such acted as the nominee of one Louis H. Silver, who is and has been controlling director and owner of the greater portion of the shares of Managers Incorporated which, ''for some years last past, has been operating the property involved herein''; that Silver also is and has been controlling director and owner of a majority of the shares of Hotel; that at no time was the relationship between Silver and Koebel disclosed to intervenor, Levin, and the other shareholders of Hotel; that the entire scheme involving the sale of the property was instigated and engineered by Silver for the purpose of injuring and defrauding appellant and other shareholders; that Silver caused to be incorporated the 162 East Ohio

221

Corporation and that he is the owner of all of the shares of stock of that corporation; that he caused a deed to be executed by St. Clair Hotel, Inc., conveying its property to 162 East Ohio Corporation, notwithstanding the pendency of this suit and the relief prayed; that appellant is ready, willing and able to increase his offer $100,000 and to purchase the property for $1,301,000, and that if the property was offered at an open and unrestricted sale it would bring in excess of $1,301,000. The intervenor then asks leave to make Silver and 162 East Ohio Corporation additional defendants and offers to deposit $100,000 as earnest money. On November 5, 1948, the following decretal order was entered:

"This cause coming on to be heard upon the motions of

"a) Jake Levin and D. Bobrow to file a supplement to their intervening petitions herein,

"b) Jacob Jesser, Effie Gross, Martin D. Levy, Betty Feirstein, Ed Ragen, Edward J. Golden, Jack Frankle, Lucille Katz, Harry Gross and Delvin Ellenbogen and Estelle Ellenbogen, for leave to intervene herein;

"c) the defendant, St. Clair Hotel, Inc., to deny all of the foregoing motions and for judgment on the pleadings, dismissing the above entitled cause for want of equity;

and due notice having been given to all parties entitled thereto, and the court having heard the arguments of counsel, and being fully advised in the premises, Doth Hereby Order, Adjudge And Decree that

"a) the said motions of Jake Levin and D. Bobrow hereinabove referred to, be and each thereof are hereby denied;

"b) the said motions of St. Clair Hotel, Inc., above referred to, are hereby sustained, and the

222

above entitled cause is accordingly hereby dismissed for want of equity.''

It is from that order that Jake Levin, additional party plaintiff and intervening petitioner, appeals. Appellant filed in this court a short brief in which he makes three points: ''I. The Court was without jurisdiction to order the dismissal of the cause after issues were joined by answers without hearing evidence. II. Defendant St. Clair Hotel by voluntarily withdrawing its written motion to dismiss and for leave to file its answer to the original and supplemental complaint and to the amended intervening petition of Levin confessed that the Pleadings were sufficient to require an answer. III. The motion of the defendant St. Clair Hotel for judgment on the pleadings was not in compliance with the Civil Practice Act and should have been over-ruled.'' Approximately five pages are devoted to ''argument.'' Appellees Hotel and Joseph W. Koebel have filed a brief of nearly seventy pages, in which counsel for appellees have traveled far afield and raised many points and subpoints in an effort to be-cloud the simple questions presented by appellant's brief.

From the order entered April 22, 1948, it appears that Hotel had sometime prior thereto filed a written motion to dismiss but that its able counsel thereafter concluded to abandon that motion and to ask for leave to withdraw the motion and to file the answers of Hotel to the original and supplemental complaints, to the intervening petition of D. Bobrow, and to the amended intervening petition of appellant Levin, and Hotel was granted the leave it requested. In *Vanderpoel v. Cravens*, 139 Ill. App. 463, 464, Mr. Justice DIBELL stated: ''A bill may be dismissed on the call of the docket for want of prosecution, but we know of no authority for the dismissal thereof for want of equity, after answer filed, without a hearing

upon the merits.'' This statement of the law is cited with approval in *Cocot v. Board of Com'rs Cook County*, 273 Ill. App. 75, 84. Here appellee Hotel, by voluntarily withdrawing its written motion to dismiss and praying for leave to file its answer to the original and supplemental complaint and to the amended intervening petition of Levin, appellant, confessed that the pleadings were sufficient to require an answer. In *Sheehy v. Koerber*, 282 Ill. App. 543, the court (opinion by Mr. Justice O'Connor) stated (p. 548): ''By the order the defendants were given leave to withdraw their motion to dismiss and they were ruled to answer within 15 days. The effect of this was that the defendants confessed their demurrer was wrong and that the bill was sufficient to require an answer.'' In *Bransfield v. Bransfield*, 310 Ill. App. 394 (abstract opinion), the court stated: ''The rule under the former practice was that a party by pleading over waived his demurrer. We hold in proceedings under Section 45 [of the Civil Practice Act] the same rule is applicable to motions.'' *It will be noted from the order entered November 5, 1948, that appellee Hotel did not even ask for leave to withdraw its answers but asked ''for judgment on the pleadings.''*

■■ The point made by appellant that the oral motion of appellee Hotel for judgment on the pleadings was not in compliance with the Civil Practice Act and should not have been entertained, is sound. Even if appellee Hotel had not filed an answer its motion for judgment on the pleadings would have to be denied. Section 45 of the Civil Practice Act (Chap. 110, par. 169, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.045]) provides: ''(1) All objections to pleadings heretofore raised by demurrer shall be raised by motion. Such motion shall point out specifically the defects complained of . . . .'' That provision was intended to afford the opposite party an opportunity to

amend his pleadings if he deemed them defective. It must be noted that on November 5, 1948, the motions of Jake Levin and D. Bobrow to file a supplement to their intervening petitions herein had come on for hearing and that the oral motion of Hotel to dismiss the cause for want of equity *on the pleadings* also included an oral motion to deny the motions of Levin and Bobrow. This oral motion of Hotel ignored completely the wholesome and necessary provisions of Section 45 of the Civil Practice Act. It was so transparently insufficient in law that the chancellor should have refused to entertain it. *The oral motion did not even point out orally "specifically the defects complained of."* In *Hitchcock v. Reynolds,* 278 Ill. App. 559, the court states (pp. 562, 563):

"Section 45 of the Civil Practice Act, Cahill's St. ch. 110, par. 173, provides that '(1) All objections to pleadings heretofore raised by demurrer shall be raised by motion. Such motion shall point out specifically the defects complained of, and shall ask for such relief as the nature of the defects may make appropriate, such as the dismissal of the action or the entry of a judgment where a pleading is substantially insufficient in law, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out, or that necessary parties be added, or that designated misjoined parties be dismissed, and so forth.'

"This section abolishes demurrers and substitutes a motion in the nature of a special demurrer, in that the motion *must* point out specifically the defects complained of and ask for such relief as the nature of the defects may make appropriate.

"A motion which fails to allege facts pointing out specifically the defects complained of and to ask for such relief as the nature of the defects may make ap-

225

propriate, *is insufficient in law and will not be entertained by the court.*

"The purpose of the Act, in requiring the motion to specifically point out the nature of the defects, is to inform the party against whom the motion is directed what the contention of the party is, so that he may make preparation to meet such contention." (Italics ours.)

That case has been cited with approval in *Farmer v. Alton Bldg. & Loan Ass'n*, 294 Ill. App. 206, 210; *Winn v. Underwood*, 325 Ill. App. 297, 305; *People for use of Pope County v. Shetler*, 318 Ill. App. 279, 285; *Messick v. Mohr*, 292 Ill. App. 69, 77.

██ That the proceedings on November 5, 1948, were hurried appears from the fact that Hotel did not take the time to ask that it be allowed to withdraw its answer and to file a written motion to dismiss. Nevertheless, it seeks to avoid the effect of its manifest failure to comply with Section 45 by contending that Levin, intervenor, waived the point by his failure to move the court to strike defendant's motion for judgment, or "for an order on defendant to file such specifications." It is sufficient to say, however, in answer to this contention that the able attorneys for Hotel knew when they made the motion that it was insufficient in law, and the chancellor should have refused to entertain such a transparently insufficient in law motion. (*Hitchcock v. Reynolds, supra,* pp. 562, 563.) *In view of the state of the pleadings on November 5, 1948,* it is our considered judgment that it would create a far-reaching and dangerous precedent to affirm the decretal order in this case. Hotel adopted a quick and easy method of disposing of the instant law suit and the chancellor approved that method. The counsel for Hotel have made an able effort to defend what seems to us an indefensible decretal order. They argue that the instant suit is of "the nuisance value type" and that

226

appellant is employing tactics usually employed in suits of that kind. In support of this argument counsel have seen fit to state alleged facts that find no support in the record. The record does not support the argument of Hotel.

After a careful consideration of a number of points made by St. Clair Hotel, Inc., in support of its contention that the instant decretal order should be affirmed, we are satisfied that the order should be reversed. We have no power nor desire to nullify the wholesome and necessary provisions of Section 45, and the present suit presents a flagrant violation of that Section.

The decretal order of the Circuit court of Cook county entered November 5, 1948, is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Decretal order entered November 5, 1948, reversed, and cause remanded with directions.*

FRIEND, P. J., and SULLIVAN, J., concur.