Donald Voegele, by Theodore Voegele, His Father and Next Friend, and Theodore Voegele, Plaintiffs-Appellees, v. William Kidd, Defendant-Appellant.

Term No. 58–F–23.

Fourth District.

May 23, 1958.

Released for publication October 6, 1958.

James H. Parsons, Jr., of Edwardsville, for appellant.

Joseph R. Bartylak, of Collinsville, for appellee.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This cause comes before us by reason of a voluntary dismissal allowed by the Trial Court under the provisions of Section 52 of the Civil Practice Act. The action was one to recover damages occasioned by alleged negligence of defendant in driving his automobile. At the close of the defendant's evidence, plaintiffs moved for a voluntary dismissal. The record shows that after the case had been on trial for three days, plaintiffs' counsel at the close of defendant's case and prior to the introduction of any rebuttal evidence, moved the court for leave to dismiss his suit without prejudice and as reason therefor stated to the court that one of the essential witnesses in the case, the physician who was to testify as to the injuries allegedly sustained by the plaintiff, was unable to testify at that time although he was available the previous afternoon when the court recessed for the purpose of attending a funeral of a member of the Bar, and that plaintiffs could not proceed without the testimony of the witness which was essential in order to establish the injuries allegedly sustained by the plaintiff in the collision. Plaintiffs' counsel offered to verify such grounds by affidavit.

Counsel for defendant opposed the dismissal without prejudice and stated that the physician was not a resident of the county and that he had not been subpoenaed, and that the court was not authorized to allow such dismissal under the provisions of Section 52 (1) (1957 Illinois Revised Statutes, Chapter 110, Section 52(1)). The particular section under consideration contains the following language, after providing for dismissal prior to trial, ". . . Thereafter he may dismiss, only on terms fixed by the Court (a) upon filing a stipulation to that effect signed by defendant,

401

or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. . . ." Such dismissal could not be undertaken if a counter-claim was filed, except with the consent of defendant.

The Trial Court, after hearing the discussions, including the statement as to the inability of the doctor to attend, made the following statement:

"The Court is of the opinion that the granting or denial of a voluntary dismissal motion after trial is begun is discretionary with the Court, rather than a matter of strict right. Except as to the defendant's time and expense, a dismissal, voluntary or otherwise, hurts only the plaintiff who insofar as that suit is concerned, not only loses his prospects of recovery, but may be compelled to pay costs. In this case the prospects of recovery depend largely on the nature and extent of damages and plaintiff apparently relies on the absent doctor. From the plaintiff's standpoint, the interests of justice may require this doctor's testimony. From defendant's standpoint, the only consideration is a matter of his time and expense, since the dismissal of this suit and the filing of a new suit leaves the plaintiff no better off against the defendant than he was before, and the fact is, this case gets older as time progresses.

"As to the defendant's expense, part of the trial-time consumed here was due to a protracted jury selection, part of it to the ineptness of the Court in requiring more time to rule than usual, part due to lengthy cross-examination by both parties, and part due to the recess for the funeral of a member of the Bar of this Court. In these circumstances, the motion will be granted, and the costs of this suit are ordered paid by the plaintiff. There will be no allowance for attorney fees to the defendant. Any damage or prejudice to the defendant other than that heretofore men-

tioned may be called to the attention of the Court in this, or a related case, for appropriate action upon discovery and diligent report."

We believe that the statement is self-explanatory and is a practical expression of the objectives of the section relating to dismissal, to which we referred earlier in the opinion. Such dismissal after a trial is begun is obviously discretionary with the court. The discretion exercised by the court in the instant case is consistent both with prior practice and the spirit of the section under consideration. There appears to have been no dispute as to the unavailability of the doctor and as to the facts which transpired in the course of the trial. The statement of the court is a clear indication that all matters necessary or required to be considered in passing on such motion were in fact considered by the Trial Court. The circumstances that the physician was not subpoenaed, even though available to testify at a previous time during the course of the trial, should not be conclusive since dismissal pursuant to plaintiffs' request (where no counter-claim has been filed), is addressed to the sound discretion of the court and is not made a matter of rigid procedure or formality.

In considering this case we were not aided by appearance or brief on part of plaintiffs, and while we would not search the record for the purpose of reversal, we have and will search the record to affirm. It is the judgment of this court that the action of the Trial Court of Madison county should be affirmed.

Affirmed.

BARDENS and SCHEINEMAN, JJ., concur.