**Frank L. Crawford, Plaintiff-Appellee, v. Donna M. Digby Wicks, Defendant-Appellant, and Donald Grider, Defendant.**

Gen. No. 62–O–22.

Fourth District.

December 17, 1962.

Wagner, Conner, Ferguson, Bertrand & Baker, and Delmar O. Koebel, all of East St. Louis, for defendant-appellant.

Johnson & Ducey, of Belleville (Philip G. Feder, of counsel), for appellee.

CULBERTSON, J.

This cause is before us on appeal by Donna M. Digby Wicks, defendant, in the action in the Circuit Court, hereinafter called Appellant, from an order of the Circuit Court of St. Clair County entered after the trial had begun, on plaintiff Frank L. Crawford's oral

motion allowing plaintiff a nonsuit or voluntary dismissal without prejudice as to such defendant. The complaint had originally been filed as against this defendant and a codefendant, alleging personal injuries sustained in a collision between the pickup truck of plaintiff and an automobile driven by a Ronald Grider, and another automobile which the complaint alleged was driven by defendant, Donna Wicks. On December 9, 1961 plaintiff's attorney had taken the deposition of Donna Wicks, and it apparently developed as a result of answers in the taking of such deposition that Donna Wicks stated she was not driving the automobile involved in the collision but that the automobile was being driven by another person. Plaintiff proceeded to trial in the case before a jury on January 22, 1962, and on the second day of the trial, after it appeared from the evidence that Donna Wicks was not driving the automobile, plaintiff made an oral motion for a nonsuit or voluntary dismissal in the case, not then supported by affidavit or other proof. The Circuit Court allowed the motion for nonsuit without prejudice to the defendant.

Defendant on appeal in this Court contends that the Trial Court erred in allowing such nonsuit or voluntary dismissal without prejudice on the ground that the motion for nonsuit or voluntary dismissal was inadequate in failing to comply with the requirements of the Practice Act (Ill Rev Stats, 1961, c 110, § 52), and was not supported by affidavit as required by such Section.

It is basically the contention of appellant defendant that the dismissal not being supported by affidavits or other proof was made without authority by the Court, and consequently should be reversed, and defendant requests that this Court should now enter an order dismissing plaintiff's action with prejudice in consequence of such court action in the trial.

It is noted that the record shows that on the morning of January 23, 1962, which was the second day of the trial, plaintiff's attorney made the motion for nonsuit or voluntary dismissal without prejudice, making the statement that because of defendant Donna Wicks assertion that not she but another person was driving the automobile, plaintiff would be required to add the other party as a party defendant in the case. Defendant objected to the allowance of the motion, but the Court allowed the motion and, on March 22, 1962, the day after the filing of notice of appeal, plaintiff filed an affidavit in support of the oral motion setting forth facts supporting the oral statements made by plaintiff's counsel in the case.

█ Under the provisions of Section 52 of the Civil Practice Act (Ill Rev Stats, 1961, c 110, § 52), it is provided that plaintiff has the full right and freedom to dismiss his action as to any defendant without prejudice at any time before trial or hearing begins, and that thereafter upon filing a stipulation signed by defendant, or on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. The proof which plaintiff apparently relied upon was the assertion of the defendant made in the course of the trial that she was not driving the car but that another person was driving the car.

Under the provisions of the Civil Practice Act it is emphasized that allowance of a motion to dismiss a suit without prejudice after trial, is discretionary with the Trial Court (Voegele v. Kidd, 18 Ill App2d 400, 152 NE2d 887). In that case the trial had proceeded for three days in open court before the voluntary dismissal was made on motion of the plaintiff. The motion in that case was not supported by an affidavit. We approved the granting of the motion to dismiss the suit on the basis of the fact that the record showed that the case had been tried for three days

and plaintiff's counsel at the close of defendant's case and before any rebuttal evidence was offered, moved for leave to dismiss without prejudice and cited as a reason that one of the essential witnesses, a physician who had not been subpoenaed, was unable to testify at the time the motion was made although he had been available the previous afternoon, and the plaintiff could not proceed without the testimony of this witness who was essential to support the injury allegations. In that case plaintiff's counsel offered to verify such grounds by affidavit if questioned. The attorney for defendant opposed the dismissal and stated that the witness had not even been subpoenaed and that the Court did not have the power to allow such dismissal under the provisions of the Section of the Practice Act we have referred to in the course of this opinion.

In that case we referred to the rather lucid statement made by the Trial Court in which the Court stated that voluntary dismissal after trial is begun is discretionary with the court rather than a matter of strict right; that except as to defendant's time and expense, a dismissal, voluntary or otherwise, hurts only the plaintiff who insofar as that suit is concerned may not only lose his prospects of recovery but may be compelled to pay costs. The Court at that time had emphasized that, from the plaintiff's standpoint, the interest of justice could require his doctor's testimony, and that from defendant's standpoint the only consideration was a matter of his time and expense.

In the case before us it becomes apparent that the factual inquiry as to whether defendant Donna Wicks was driving, or whether the car was being driven by another person, was basic to a right to a recovery. To deny plaintiff the opportunity to make the other person a party defendant within the procedural rules would be inconsistent with enlightened procedure and the ends of justice. We do not interpret the Practice

Act provision to be rigid in requiring that, in the course of trial, if factual matters develop, which, in the exercise of a reasonable discretion justify dismissal, that such factual elements constituting the "proof" referred to in the Act should be disregarded, and the Trial Court placed in the position of not acting seasonably simply because a formal technical affidavit form of confirmation of such facts was not then presented to the Court. The discretion vested in the Trial Court is broad and certainly includes the power to authorize a voluntary nonsuit or dismissal under a state of proof of the type apparent in the instant case. The order of the Circuit Court was proper and should be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.