JAMES WILLIAM TUCKER, Administrator of the Estate of James Howell Tucker, Deceased, Plaintiff-Appellee, *v.* LINDA G. OKEY, Defendant-Appellant.

(No. 69-129;

Fifth District—December 30, 1970.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville, (James P. Stiehl, of counsel,) for appellant.

Smith, McCollum & Riggle, of Flora, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiff, James William Tucker, Administrator of the Estate of James Howell Tucker, deceased, brought this action in the Circuit Court of Marion County on April 10, 1969 to recover for wrongful death. Plaintiff's decedent had been killed as a result of an automobile collision that occurred on April 12, 1967 in Marion County. Defendant Linda G. Okey was the driver in which the plaintiff's decedent, a minor aged nine, was riding as a passenger.

On May 8, 1969, the defendant filed her unverified Motion to Dismiss the Complaint and cause of Action alleging that a suit was pending in Tennessee, pursuant to par. 48(1)(c) of the Civil Practice Act[1] to which was attached a copy of a Tennessee summons which had been issued and served on Linda G. Okey on January 4, 1968. The summons recited that an action had been brought for damages for the wrongful death of James Howell Tucker, "by James W. Tucker, father of the deceased minor". The motion was set for hearing on May 29, 1969, at which time the plantiff filed his Motion for Voluntary Dismissal. Both motions were then argued and were taken under advisement by the court. The court on July 10, 1969, entered its order granting plaintiff's Motion for Voluntary Dismissal. The defendant has appealed from the order granting the voluntary dismissal.

The only issue to be decided by this Court is whether the trial court was correct in allowing plaintiff to voluntarily dismiss his law suit. The question is controlled by Section 52 of the Illinois Practice Act. (Ill. Rev. Stat. 1967, ch. 110, par. 52) which provides:

---

[1] Ill. Rev. Stat. 1967, ch. 110, par. 48(1), "Defendant may, within the time for pleading, file a motion for dismissal of the action, or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit * * * (c) That there is another action pending between the same parties for the same cause."

"(1) The Plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof * * *."

Defendant contends that a hearing had begun and that the case of *Bernick v. Chicago Title and Trust Co.,* 325 Ill.App. 495, 60 N.E.2d 442, is controlling. There a motion to dismiss supported by affidavits had been filed under section 48 of the Civil Practice Act setting up the defense of *res adjudicata.* This motion had been presented to and heard by the judge and he had reserved his decision upon it. Thereafter, the plaintiff filed his motion for voluntary dismissal which was granted. In reversing the order of voluntary dismissal the Court said "In so far as the defense of *res adjudicata* was concerned, the trial or hearing had not only begun but reached a stage where the trial judge had taken the matter under advisement. In fact the trial had begun and ended. It remained only for the judge to announce his decision." The Court remanded with directions to decide the defendant's section 48 Motion.

In *Mathews v. Weiss,* 15 Ill.App.2d 530, 146 N.E.2d 809, defendants filed a motion for summary judgment supported by a deposition, and a hearing on that motion was set for April 4 at 11 o'clock. Prior to the appointed time, on April 4, plaintiff filed a motion for voluntary dismissal which was granted. In affirming the Court held the *Bernick* case had no application on the record before it, and that it was not called upon to decide whether a motion for summary judgment fell within the same category as a hearing on a motion filed under Sec. 48.

In *Voegele v. Kidd,* 18 Ill.App.2d 400, 152 N.E.2d 887, at the close of the defendant's evidence, plaintiff moved for a voluntary dismissal under Sec. 52 of the Civil Practice Act. In affirming the order granting the dismissal the Court held that "dismissal pursuant to plaintiff's request (where no counterclaim has been filed) is addressed to the sound discretion of the court and is not made a matter of rigid procedure or formality". The Court there approved the language of the trial court to the effect that as to any damage or prejudice to the defendant it might be called to the attention of the court in the future, and denied an allowance of attorney fees to the defendant.

■■ Although letters of administration issued by the probate court of Putnam County, Tennessee, were attached to the complaint, it did not appear on the face of the complaint that an action for wrongful death

906

was pending in Tennessee. Neither does the record disclose that verification of defendant's motion was waived. Where the pendency of the other action does not appear on the face of the complaint, an affidavit setting forth the facts must be attached to the motion. *People for Use of Pope County v. Shetler*, 318 Ill.App. 279, 47 N.E.2d 732.

■■ We are not here presented with a controlling defense such as *res adjudicata*, nor a case of adjudication in a former action; here it is not contended that the rights of the parties have been adjudicated and defendant has not obtained any substantial rights of which she was deprived by the trial court's action. Here the granting of defendant's motion would not end the litigation between the parties. As a result we do not find *Bernick, supra*, persuasive on the facts here present. Neither do we find defendant prejudiced to the extent defendant was prejudiced in *Voegele, supra*, nor were the substantive rights of the parties here, in the process of adjudication as in that case.

We have not been aided by the appearance or brief on part of plaintiff but as was stated in *Voegele, supra*, "we have and will search the record to affirm".

We therefore affirm the order of voluntary dismissal.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.