## JOHN FAHEY

### *v.*

## PRESIDENT AND TRUSTEES OF THE TOWN OF HARVARD.

1. MUNICIPAL CORPORATION—*liability for injury from excavation in street.*— Where a party without the consent of the authorities of an incorporated town, dug and left open a large pit in the street, along the sidewalk, in front of land owned by him, without any warning to passers-by, and while the same was so left exposed a person in the night-time, while exercising due care, fell into the pit and was injured : *Held*, that the town was not liable unless it had actual notice of the nuisance, or it had remained a sufficient time for notice to be implied.

2. NUISANCE—*case by town for damages paid for wrong of another—declaration.* Where a town, when sued by a person for an injury received from falling into a pit dug by a party in the street, in front of his premises, settled the claim of the injured party by payment of $300 before any judgment, and without any notice to the party creating the nuisance, and then brought an action on the case against such party to recover the sum so paid, the declaration containing no allegation that the town had any notice of the nuisance, or statement of any facts from which notice might have been inferred or implied : *Held*, that the declaration was bad on general demurrer.

3. In such a case, before the town is entitled to recover of the wrongdoer the sum so paid, it must show by the pleadings and proof that the town was legally liable to the injured party.

WRIT OF ERROR to the Circuit Court of McHenry County ; the Hon. THEODORE D. MURPHY, Judge, presiding.

Defendants in error when sued by Lachner for the injury, before any trial was had, settled and compromised with him, and paid him $300 and paid the costs of suit, amounting to $43.05.

Mr. FRANK CROSBY, for the plaintiff in error.

Messrs. JOSLYN and SLAVIN, for the defendants in error.

PER CURIAM : This was a special action on the case brought by defendants in error against plaintiff in error to recover over of the latter, for a sum which the former had paid to one Lackner for damages sustained by him, by reason of having fallen into an excavation in the street made by plaintiff in error. The plaintiff in error, defendant below, demurred to the declaration. The court below overruled the demurrer, assessed damages, and gave judgment. The sufficiency of the declaration is the only question presented.

It appears, from the declaration, that defendants in error settled with Lackner before judgment and without any notice to plaintiff in error. In such case plaintiffs below would be required to show, by their declaration, and prove, that the town was legally liable to Lackner. The facts alleged show that it was the duty of the town to keep the streets in a safe condition, and that the street in question had been put in that condition ; but that the defendant, without the consent of the town, did, on the 1st day of September, 1869, wrongfully dig in and upon the front of land owned by him on said street, on the line of the sidewalk, a large pit, and suffered it to remain open during the day and night time without any warning to passers by, and so exposed, one Louis Lackner in the night time, while exercising due care, etc., fell into the pit and was injured. Under this state of facts, the town would not be liable unless it had actual notice of the nuisance, or it remained a sufficient time for notice to be implied. There is no allegation in the declaration that defendants in error had ac-

tual notice of the nuisance, nor any facts from which notice might have been inferred or implied. As defendants in error would be required to prove these facts, they should have been alleged. And it is the opinion of a majority of the Court that the demurrer should have been sustained. The judgment is reversed, and the cause remanded.

*Judgment reversed.*