### WALLACE v. NEW ORLEANS PUBLIC BELT R. CO. et al.
### Civil Action No. 1883.

District Court, E. D. Louisiana,
New Orleans Division.

July 24, 1948.

Bentley G. Byrnes, of New Orleans, La., for plaintiff.

Michel Provosty, of New Orleans, La., for defendant New Orleans Public Belt Railroad Company (correct name New Orleans Public Belt Railroad Commission.)

R. Emmett Kerrigan of New Orleans, La. for defendant T. H. Smith & Sons (correct name of firm is T. Smith & Son, Inc.).

CHRISTENBERRY, District Judge.

This is an action for damages arising out of the injury and subsequent death of one Alva Wallace, who was employed as an engine foreman by the Public Belt Railroad Commission for the City of New Orleans, incorrectly referred to in plaintiff's petition as New Orleans Public Belt Railroad Company, hereinafter referred to as Public Belt. It is brought against the Public Belt under the Federal Employer's Liability Act, Title 45 U.S.C.A. §§ 51 and 56, and against T. Smith & Son, Inc., incorrectly referred to in plaintiff's petition as T. H. Smith & Sons, under the laws of the State of Louisiana. Briefly, plaintiff contends that the negligence of the Public Belt was in its failure to furnish to its employee Alva Wallace a reasonably safe place in which to work, and that of T. Smith & Son, Inc., in its failure to exercise due care in placing certain boxes and crates on the docks and near the railroad tracks, so as not to endanger the employees of the railroad in placing cars on the tracks adjacent to the docks.

The Public Belt denies its negligence, expressly pleads contributory negligence on the part of the decedent Wallace and files a cross-claim against its co-defendant, T. Smith & Son, Inc., averring that if Alva Wallace was injured, as alleged in the complaint, the injuries were caused solely by the primary fault and negligence of T. Smith & Son, Inc., its officers, agents, servants and employees. T. Smith & Son, Inc., has moved the Court to dismiss the cross-claim on the ground that the cross-claim fails to state a claim upon which relief can be granted.

The matter is now before the Court on the motion to dismiss the cross-claim. Arguments on the motion were had on March 10, 1948, and the matter was submitted at that time.

The cross-claimant Public Belt contends that the complaint of the plaintiff shows that the Public Belt was technically or constructively at fault in failing to furnish its employee a reasonably safe place in which to work. It contends that its cross-claim is based on the Louisiana jurisprudence, and it relies particularly upon the doctrine announced by the Supreme Court of Louisiana in the case of Appalachian Corporation v. Brooklyn Cooperage Co. Inc., 151 La. 41, 91 So. 539. It contends that the proximate cause of the accident was the act of the employees and agents of T. Smith & Son, Inc., in placing heavy cases within five or six inches of the railroad tracks, and that if the place was not reasonably safe, it was because Smith & Son's employees placed the cases too close to the tracks.

The Appalachian case does not support Public Belt's position. In the Appalachian case, Appalachian had, a few days prior to the accident, purchased a warehouse from Brooklyn Cooperage Company, but had not yet taken over physical possession of the building. On instructions of the superintendent of the Cooperage Company to close a heavy door, the engineer of the Cooperage Company did so in such a manner that when the night watchman, one Lincoln, attempted to open it, the door fell and seriously injured Lincoln. Lincoln obtained judgment

against the Appalachian Corporation, and the Appalachian Corporation, in turn, brought suit against Brooklyn Cooperage Company for the amount recovered by Lincoln, alleging that the proximate cause of the injuries sustained by him was the negligence of the Cooperage Company's employees in ordering the door closed, knowing that the door was not in safe condition, and in closing the door in such a manner as to leave it off the rail.

It is true, as Public Belt states in its brief, that the Supreme Court of Louisiana, in deciding in favor of the Appalachian Corporation, held that where the actual fault of the proximate cause of injury is attributable to one of the parties, and the other is only technically or constructively at fault, from failure or omission to perform some legal duty, indemnity may be had against the one primarily responsible for the act which caused the damage. But the Appalachian case and the instant case are by no means parallel. In the Appalachian case the premises were under the immediate control of the Cooperage Company and its employees. The acts which were the proximate cause of the injury were the acts of the Cooperage Company's employees alone. The responsibility of Appalachian Corporation arose solely from the fact that it was the owner of the building, so that it could only be said to have been technically or constructively at fault.

In the instant case, the employees of Public Belt were at the scene of the accident, and at the time of the accident were acting within the scope of their employment in switching and placing freight cars on a side track. They were in complete control of the switch engine and of its operations, and it was during these operations and while in the performance of his duties that Alva Wallace was fatally injured.

As has already been said, the action against the Public Belt is brought under the Federal Employer's Liability Act, while the action against T. Smith & Son, Inc., is brought under the laws of the State of Louisiana.

To recover from Public Belt, the plaintiff must establish Public Belt's negligence, and that such negligence was the proximate cause of the injury. The same showing must be made by plaintiff with respect to her claim against T. Smith & Son, Inc. However, there is a distinct difference in the defenses available to the respective defendants. The Federal Employer's Liability Act, Title 45 U.S.C.A. § 51, makes the carrier liable in damages for injury or death of the employee resulting in *whole or in part* from the negligence of any of its officers, agents, or employees, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, tracks, roadbed, works, boats, wharves, or other equipment. Therefore, proof of contributory negligence on the part of the injured employee is not a complete defense to an action brought under the Federal Employer's Liability Act, but is merely ground for diminishing the amount of recovery. This obviously involves the invoking of the doctrine of comparative negligence, which is unknown to the law of Louisiana. On the other hand, as to the defendant T. Smith & Son, Inc., if the jury should find contributory negligence on the part of the deceased Alva Wallace, such contributory negligence would be a complete defense, and would bar any recovery by the plaintiff from T. Smith & Son, Inc.

To permit Public Belt to have its cross-claim would afford it the opportunity of transferring to T. Smith & Son, Inc., what may be termed the residuum of negligence, for which Public Belt alone should be held liable, if the jury should find that both the Public Belt and Alva Wallace were negligent. The effect of this would be to subject T. Smith & Son, Inc., which is sued under the laws of Louisiana, to the consequences of the application of the doctrine of comparative negligence, a doctrine which is rejected by the courts of Louisiana.

Judgment against one of the defendants alone would absolve the other, and the party cast would have no claim against its co-defendant.

For the reasons stated, the motion is granted, and the cross-claim is dismissed.