Sam SHAPIRO, as Administrator of the Estate of Sarah Shapiro, deceased, Hyman Perlmutter, and Lillian Perlmutter, Plaintiffs,

v.

The GULF, MOBILE AND OHIO RAILROAD COMPANY, a Railroad Corporation, and Harry Perlmutter, Defendants.

GULF, MOBILE AND OHIO RAILROAD COMPANY, a Railroad Corporation, Cross-Claimant, Appellant,

v.

Harry PERLMUTTER, Cross-Defendant, Appellee.

No. 12200.

United States Court of Appeals Seventh Circuit.

May 19, 1958.

Rehearing Denied July 1, 1958.

194

James L. Perkins, Gerard E. Grashorn, Edward J. Wendrow, Winston, Strawn, Smith & Patterson, Chicago, Ill., for appellant.

Henry J. Hyde, Joseph A. Bailey, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

Hyman Perlmutter, Lillian Perlmutter, his wife, and Sam Shapiro, as Administrator of the estate of Sarah Shapiro, deceased, brought an action against The Gulf, Mobile and Ohio Railroad Company (G. M. & O.) and Harry Perlmutter. The complaint alleged that plaintiffs were passengers in an automobile owned and driven by defendant, Harry Perlmutter, onto the tracks of the G. M. & O. at a railroad crossing in Springfield, Illinois; that he stalled his car on the tracks in the path of an oncoming G. M. & O. train; that he operated his automobile in a wanton and reckless manner by failing to maintain a proper lookout and proper speed and in proceeding onto the crossing against the crossing signals flashing and warning of the approaching train, and that he then wantonly deserted the passengers in the rear of his car with reckless disregard for their ability to escape from the automobile. Plaintiffs also alleged that G. M. & O. was negligent or reckless in failing to keep a proper lookout, failing to operate its train at a proper rate of speed, failing to properly equip and apply the brakes of its train, failing to blow a horn or ring a bell as it approached the crossing, and failing to properly maintain and equip the crossing. It is alleged that Hyman and Lillian Perlmutter suffered severe and permanent injuries and each prayed for judgment of $100,000 damages, that Sarah Shapiro died and the Administrator of her estate seeks a recovery of $25,000, and that all of this resulted from the collision.

Harry Perlmutter filed his separate motion to dismiss the complaint against him on the ground that there was no di-

versity of citizenship between plaintiffs and himself, and this motion was sustained by the district court and the dismissal was ordered as to him.

G. M. & O. filed its answer to the complaint admitting the collision and denying its own negligence and also denying that plaintiffs were free of contributory negligence. In addition to its answer, G. M. & O. filed its cross-claim, subsequently amended, in two counts, against its co-defendant, Harry Perlmutter. In Count I the G. M. & O. alleged in substance that the collision and resulting injuries and damage to plaintiffs were the direct and proximate result of the negligence or wanton and reckless misconduct of Harry Perlmutter; that he had a duty toward plaintiffs and G. M. & O. to operate his automobile with reasonable due care; that if plaintiffs' injuries and death resulted from wrongful acts of third parties and not from their own contributory negligence, they were then the direct and proximate result of the negligence or wanton and willful misconduct of Harry Perlmutter and not the result of any negligent act of G. M. & O.; *that if G. M. & O. was negligent toward plaintiffs it was guilty of only passive or technical negligence and Harry Perlmutter was guilty of active or primary negligence or willful and wanton misconduct* toward plaintiffs. In this first count G. M. & O. asked for judgment against Harry Perlmutter for such sum, if any, as plaintiffs might be awarded in this action against G. M. & O. Count II of the amended cross-claim sought a judgment for $1,000 against Harry Perlmutter for damage to G. M. & O.'s tracks, crossing and other equipment.

Harry Perlmutter filed his motion to strike and dismiss the amended cross-claim of G. M. & O. on the grounds:

"1. That Count I of said cross-claim, * * * is an effort by one tort feasor to assert that if it is liable to the plaintiffs, then an alleged joint tort feasor is liable, which concept and theory is contrary to law.

"2. That Count II of the cross-claim should be dismissed since, on its face, it involved One Thousand Dollars ($1000.00) rather than the necessary jurisdictional amount."

The district court considered the motion on briefs submitted, no affidavits or testimony being introduced. Subsequently, the court granted Harry Perlmutter's motion and ordered the amended cross-claim dismissed and entered final judgment thereon, from which this appeal is taken. Plaintiffs' claim against G. M. & O. is presently pending in the district court and plaintiffs are not parties to this appeal.

With reference to Count I of the amended cross-claim the contested issue is whether it states a valid claim for implied indemnity under Illinois law by charging that the negligence or willful and wanton misconduct of Harry Perlmutter was the *active or primary cause* of plaintiffs' injuries, and that G. M. & O., if liable to plaintiffs at all, was guilty of *mere passive negligence.*

In Griffiths & Son Co. v. National Fireproofing Co., 1923, 310 Ill. 331, 339, 141 N.E. 739, 742, we have a case involving the so-called Scaffolding Act of Illinois, S.H.A. ch. 48, § 60 et seq. and turning on the question of public policy regarding a subcontractor's agreement to hold the principal contractor harmless from claims for injuries to a third party on the job. The court, after announcing the general rule "that, where two parties acting together commit an illegal or wrongful act, the party injured may hold both responsible for the damages resulting from their joint act, and neither can recover from the other the damages he may have paid, or any part of them", then sets out an exception that "where one does the act which produces the injury, and the other does not join in the act, but is thereby exposed to liability and suffers damage, the latter may recover against the principal delinquent, and the law will inquire into the real delinquency, and place the ultimate liability upon him whose fault was the primary cause of the injury."

Appellant, G. M. & O., relies heavily on a recent case, Gulf, Mobile & Ohio Railroad Co. v. Arthur Dixon Transfer Co., 1951, 343 Ill.App. 148, 98 N.E.2d 783, in which it was the prevailing party. This case was also cited by the district court in its memorandum opinion and was the subject of extensive comment by appellee in his brief. There the plaintiff railroad sought to recover from the defendant transfer company the sum of $15,000 which it had paid an employee in settlement of a claim for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The railroad alleged that the employee had been participating in a switching movement of a box car and while standing on a ladder attached to the side of the box car, which was being pushed by one of plaintiff's locomotives, he was caught between the box car and a parked truck belonging to the defendant transfer company and was seriously injured. On appeal the court held that from the allegations in the complaint and the legal situation confronting plaintiff it understood clearly "that what it meant was that the railroad was guilty of only passive technical negligence and that the active and primary negligence was that of defendant in placing its truck where it was a danger to plaintiff's employees", and that in this light the railroad's complaint stated a case. The court cited other F.E.L.A. holdings to the same effect. The opinion also set out with particularity the several categories of exceptions to the general principle of non-contribution between tort-feasors recognized by the courts. The Dixon case cites with approval Griffiths & Son Co. v. National Fireproofing Co., supra, a case of contractual indemnity.

In the case at bar, however, we have a situation different from the exceptions to the general rule. Since the trial court dismissed the amended cross-claim and entered final judgment thereon, without the submission of affidavits or testimony, we must look to the allegations of the cross-claim, *together with the allegations of the complaint* to which it is addressed.

As set out in the beginning of this opinion, G. M. & O. is charged with failure to keep a proper lookout, excessive speed, faulty brakes and braking, failure to signal a warning of its approach to the crossing and failure to properly maintain and equip the crossing. These are charges of *affirmative and active negligence*, primary in their character, and alleged to be the direct and proximate cause of plaintiffs' injuries and the death of one of them. The allegation of G. M. & O. in Count I of the cross-claim that if it was negligent towards plaintiffs, it was guilty of only passive negligence does not change the character of the negligence as alleged in the complaint.

We hold that the allegations in the complaint and the cross-claim, taken together, present a case in which G. M. & O. and Harry Perlmutter (appellee) are shown to be joint tort-feasors, and not within any of the recognized exceptions to the general rule. We find no so-called passive negligence on the part of either party. To hold that the Dixon case requires a weighing and evaluation of the wrongful failures of each party in this situation in order to determine that one is guilty of a less wrongful act than the other, is to give it a meaning beyond any authority to which our attention has been called. The trial court properly held that the degrees of negligence of the two wrongdoers could not be apportioned or measured for the purpose of requiring indemnity.

In Count II of its amended cross-claim G. M. & O. seeks to recover from Harry Perlmutter, appellee, property damage to its tracks, crossing, crossing signals and other equipment in the amount of $1,000 by reason of his alleged negligent operation of his automobile. Since Count I is held to be properly dismissed, G. M. & O. is claiming property damages from appellee who is now not a party to the action between plaintiffs and G. M. & O. where there is jurisdiction. The claim for property damages in Count II cannot be said to be ancillary to the issues in the action between plaintiffs and the railroad, and the issues as

to appellee are different from those in the main action. The cases upholding jurisdiction of a cross-claim under Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. do not give support to the railroad's contention as to Count II here. Cf. Glens Falls Indemnity Company v. United States, 9 Cir., 1955, 229 F.2d 370. We hold the trial court properly dismissed Count II of the amended cross-claim.

The judgment of the district court in dismissing appellant's amended cross-claim and entering final judgment thereon is

Affirmed.

### On Petition for Rehearing.

In its petition for rehearing appellant urges that in our opinion of May 19, 1958, we overlooked one of the important issues raised in this appeal. It states that it contended that G. M. & O. had a valid cause of action for indemnity if:

> "(1) The ultimate facts proved that Harry Perlmutter was guilty of active negligence and the G. M. & O. was guilty of passive negligence; or

> "(2) The ultimate facts proved that Harry Perlmutter was guilty of wilful and wanton misconduct and the G. M. & O. was guilty of negligence, either active or passive."

"Appellant raises no further issue in regard to Point 1", but insists "that even if the G. M. & O. is guilty of active negligence, it would be entitled to a judgment against Harry Perlmutter if Perlmutter was guilty of wilful and wanton misconduct."

In its brief filed on the merits of the appeal, however, appellant stated this contested issue to be:

> "1. Does Count I of the amended cross-claim, which alleges that Harry Perlmutter was guilty of negligence or willful and wanton misconduct that was the active or primary cause of plaintiffs' injuries, and that the G. M. & O., if liable to plaintiffs at all, was guilty of mere passive or technical negligence, state a valid cause of action for implied indemnity?"

We think our prior opinion disposed of this issue. We doubt that appellant urged two separate contentions on this issue as it now asserts. However, if this second contention is now properly before us, we do not find any authority in Illinois giving direct support to it. In the absence of such a declaration by the Illinois courts we shall not attempt to so hold in this case.

With this additional comment our opinion of May 19, 1958 shall stand without modification, and the petition for rehearing is

Denied.