DAVID A. CIOSEK, Plaintiff, *v.* INDIANA HARBOR BELT RAILROAD COMPANY, Defendant-Counterclaimant-Appellant.—(OLE FREDRICKSEN *et al.*, Defendants-Counterdefendants-Appellees.)

First District (1st Division)   No. 79-169

Opinion filed August 20, 1979.

Anna M. Kelly, of Chicago, for appellant.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, David A. Ciosek, riding on the leading platform of a caboose of one of defendant Indiana Harbor Belt Railroad Company's (the railroad) moving trains, was injured when defendants Ole Fredricksen and Son and John Fredricksen (defendants) backed a truck into the side of the caboose. Plaintiff sued the railroad under the Federal Employers' Liability Act (FELA), alleging the failure to furnish a reasonably safe place to work, and the Fredricksens, alleging negligence in the operation of their truck. The railroad answered, denying liability, and filed a counterclaim against the Fredricksens for indemnity, alleging active acts of misconduct on their part and, if the railroad were held liable

to plaintiff, passive acts of misconduct on its part. The trial court granted defendants' motion to dismiss the counterclaim, finding that it failed to state a cause of action for indemnity because the railroad failed to plead any of the "passive" acts and was seeking indemnity from a joint tortfeasor. The railroad appeals, asserting that its counterclaim stated a cause of action for indemnity. We agree.

Count I of plaintiff's complaint was directed against the railroad. It alleged: Plaintiff was employed by the railroad as a brakeman and was engaged in industrial switching at various plants. He and the conductor of the job were riding on the leading platform of a caboose of one of the railroad's trains. Defendants Fredricksen, backing a truck in the immediate vicinity of the track on which the train was moving, failed to stop and collided with the side of the caboose, injuring plaintiff. Both plaintiff and the railroad were subject to the FELA, under which the railroad owed plaintiff the duty to use ordinary care to furnish him with a reasonably safe place to work and to afford him other protections. Plaintiff was injured as a result of the railroad carelessly and negligently failing (a) to furnish plaintiff with a reasonably safe place to work, (b) to conduct its operations safely, (c) to keep a lookout, (d) to apply the air brakes, and (e) to prevent vehicles from operating in close proximity to the railroad's tracks.

Count II of plaintiff's complaint was directed against the Fredricksens. It alleged: Plaintiff was in the exercise of due care for his own safety at the time of the accident. The Fredricksens, backing a truck in the immediate vicinity of the track on which the train on which plaintiff was riding was moving, failed to stop and collided with the side of the caboose, injuring plaintiff. It was their duty to exercise ordinary care in the operation of the truck to avoid colliding with the moving train and to avoid injuring plaintiff. Wholly disregarding their duty to plaintiff, they were negligent in operating their truck close to the railroad track and in failing (a) to keep a lookout, (b) to observe the approaching train, (c) to heed the whistle warnings, (d) to yield the right of way, and (e) to stop before the collision.

The counterclaim by the railroad against the Fredricksens alleged: Plaintiff has filed suit, alleging he was injured by the negligent conduct of the railroad while riding on the rear platform of a caboose of one of the railroad's trains; that the Fredricksens at that time owned and were operating a truck in connection with their business near the railroad's tracks and it was their duty to exercise due care in the operation of their truck for the safety of plaintiff. Without admitting any negligence on its part, the railroad states that in the event plaintiff's alleged injury was caused by any negligence, the Fredricksens were actively negligent in the specific ways set out in count II of plaintiff's complaint. If the railroad violated any duty owed by it, which it denies, its violations were passive acts only,

while the violations of the Fredricksens were the active acts of misconduct as above enumerated. In the event plaintiff is entitled to recover as a result of any negligence, the railroad is entitled to be indemnified by the Fredricksens for any judgment, costs or expenses recovered by plaintiff against the railroad, together with all costs, expenses and reasonable attorneys' fees incurred in the defense of the original suit.

We hold that the trial court erroneously dismissed this counterclaim.

This case is concerned with implied indemnity, which as noted in *Solar v. Dominick's Finer Foods, Inc.* (1978), 65 Ill. App. 3d 192, 382 N.E.2d 581, will soon become of historic value only. In that case, the court also stated (65 Ill. App. 3d 192, 195-96):

> "The courts of this State have traditionally denied contribution among persons jointly charged with the commission of a tort. This has given rise to application of the theory of implied indemnity conceived by the courts 'to mitigate the harsh effect that could result from an inflexible application of the rule which prohibits contributions.' (*Carver v. Grossman* (1973), 55 Ill. 2d 507, 511, 305 N.E.2d 161.) Many cases have held that where there is a qualitative difference between the conduct of the parties with reference to the occurrence so that the conduct of the indemnitor is found to be 'the primary cause or active negligence while that of the indemnitee has been characterized as the secondary cause or passive negligence' (*Carver*, 55 Ill. 2d 507, 511), indemnity should be allowed to the indemnitee. The opinion and dissents by the supreme court in *Skinner*, 70 Ill. 2d 1, are completely informative on this subject.
>
> However, the application of this principle to practical situations is far from simple. The words 'active' and 'passive' are 'terms of art and they must be applied in accordance with concepts worked out by courts of review upon a case by case basis. ⁕ ⁕ ⁕.' ⁕ ⁕ ⁕
> ⁕ ⁕ ⁕
> A number of cases in Illinois 'have held that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover.' (*Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill. 2d 128, 133, 361 N.E.2d 575, and cases there cited.) This theory springs from the well rooted conviction among courts and lawyers that the right to amend should be liberally granted. This situation is even more pronounced in the troublesome cases involving indemnity. In *Muhlbauer*, 39 Ill. 2d 226, 231, the supreme court cited a number of cases in the supreme and appellate courts to this effect:

'Wilson argues that the third party complaint was properly dismissed because, as the pleadings stand, either Kruzel is not liable to the plaintiff at all, or he is liable because of his own active negligence. Because a plaintiff may amend his complaint, even after trial, to conform the pleadings to the proof (Ill. Rev. Stat. 1965, chap. 110, par. 46), numerous decisions have emphasized the difficulty of determining, as a matter of law at the pleading stage, that "in no event" would the defendant have an action over against the third-party defendant.' "

■■ One recognized exception to the general principle of noncontribution between tortfeasors is where, as in the case before us, the negligence of a third party caused a liability under the Federal Employers' Liability Act. (*Gulf, Mobile & Ohio R.R. Co. v. Arthur Dixon Transfer Co.* (1951), 343 Ill. App. 148, 153-54, 98 N.E.2d 783.) In that case, the court reversed and remanded the striking of a complaint seeking indemnity for moneys paid under the FELA to a railroad employee injured because the defendant had parked its truck too close to the railroad tracks.

We look to all the pleadings to determine whether the railroad "in no event" would have an action over against defendants. (*Solar.*) An examination of the complaint shows clearly that the acts alleged against defendants were active or primary negligence (backing into the passing caboose) and that those against the railroad were only passive or secondary (the failure under the FELA to supply a safe place to work). At the most, the railroad's liability under the FELA would be a derivative liability brought about by the active, primary acts of defendants. The acts charged by plaintiff against the railroad and against defendants were entirely different; they were not so similar as to be indistinguishable. The railroad and defendants were not joint tortfeasors. The trial court's order in so characterizing them was incorrect.

The counterclaim referred to and incorporated the complaint. Thus, the trial court's finding that the counterclaim was insufficient for failure to plead the "passive" acts of the railroad was also incorrect.

■ As stated above, we cannot conclude that it clearly appears that no set of facts can be proved which will entitle the railroad to recover against defendants. The judgment of the circuit court of Cook County dismissing the counterclaim is reversed and the cause remanded.

Reversed and remanded.

GOLDBERG, P. J., and CAMPBELL, J., concur.