CONSOLIDATED RAIL CORPORATION *et al.*, Plaintiffs-Appellants, v. RE-
PUBLIC STEEL CORPORATION, Defendant-Appellee.

First District (4th Division)   No. 83—2466

Opinion filed December 6, 1984.—Rehearing denied April 2, 1985.

Lord, Bissell & Brook, of Chicago (Alvin E. Domash, Hugh C. Griffin,
and Paul G. Velbergs, of counsel), for appellants.

Michael W. Ward, of O'Keefe, Ashenden, Lyons & Ward, of Chicago, for
appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Consolidated Rail Corporation and Indiana Harbor Belt
Railroad Company, appeal a decision of the trial court dismissing with
prejudice their first amended complaint against defendant, Republic
Steel Corporation. The sole issue raised for review is whether the
trial court erred in holding that plaintiffs' complaint failed to allege
any possible basis on which a right to indemnity could be proved.

We affirm.

On January 9, 1980, plaintiffs filed suit against defendant. Plain-
tiffs are railroad corporations transacting business in Cook County.
Defendant, a corporation also transacting business in Cook County,
owned and maintained property in Chicago which included railroad
tracks, roadbeds and switches.

On January 26, 1978, Frederick Morris, an employee of Consolidated Rail Corporation, was injured while performing work for plaintiffs on defendant's property. Morris made a claim for damages against plaintiffs under provisions of the Federal Employers' Liability Act (45 U.S.C.A. sec. 51 *et seq.* (1972)) (hereafter FELA). This Act imposed upon plaintiffs a duty to provide a safe place to work for their employees. Defendant refused plaintiffs' demand that it take over and pay the claim of Morris. Plaintiffs settled the claim for $15,000.

Plaintiffs claimed that defendant was guilty of negligence and proximately caused Morris' injuries by carelessly and negligently failing to do the following:

(1) Exercise ordinary care in furnishing Morris with a reasonably safe place to work;

(2) Exercise ordinary care in using reasonably safe methods in its operations;

(3) Inspect its property;

(4) Properly maintain its property;

(5) Clean up and remove coal, coke and other debris;

(6) Warn Morris of the dangers of working in the area; and

(7) Provide artificial illumination on the property.

Plaintiffs also alleged that they were free of major fault.

■ Defendant moved to dismiss plaintiffs' complaint on a theory that under *Chicago & Illinois Midland Ry. Co. v. Evans Construction Co.* (1965), 32 Ill. 2d 600, 208 N.E.2d 573, plaintiffs' nondelegable duty under FELA to provide Morris with a safe place to work was no less stringent a duty than that alleged for defendant as owner of the premises. Plaintiffs' complaint alleged no facts which would give rise to greater fault on defendant's part as compared to that of plaintiffs. Since no cause of action for indemnity exists between joint tortfeasors of equal negligence, plaintiffs' complaint should be dismissed.

On July 28, 1981, plaintiffs' complaint was dismissed for failure to state a cause of action, and leave was granted for plaintiffs to file an amended complaint.

Plaintiffs filed their amended complaint on October 19, 1981, and additionally alleged the following:

(1) That defendant as the owner had a duty to maintain the property which was utilized for the storage, transportation and consumption of coal or coke;

(2) Defendant knew or should have known that defendant's employees were present upon the property at various times while performing work at its request;

(3) Defendant employed a yardmaster who controlled and supervised railroad employees, including Morris;

(4) Morris was injured while under the supervision of that yardmaster;

(5) Plaintiffs' liability was not occasioned by any major fault on their part, but arose by virtue of their failure to provide a safe place to work on account of defendant's acts; and

(6) Through its yardmaster, defendant carelessly and negligently instructed Morris to perform certain switching operations and failed to inform plaintiffs that it had not removed coal, coke or other debris from its property.

On September 12, 1983, the trial court dismissed plaintiffs' complaint with prejudice. Plaintiffs appeal.

Plaintiffs contend that the amended complaint states a cause of action because it alleges that plaintiffs were guilty of only passive or minor technical liability under FELA, and that the active and major fault was that of defendant in failing to properly maintain the property on which it stored, transported or consumed its coal or coke; in using unsafe methods to store, transport or consume the coal or coke; in failing to clean and remove the coal, coke and other debris from its property; and in instructing Morris to perform his work on its property from which it had failed to remove coal, coke and other debris and which it had not properly illuminated. Additionally, plaintiffs insist that the *Evans* case does not support a dismissal of the amended complaint.

In our opinion, the *Evans* case mandates affirmance of the trial court decision. In *Chicago & Illinois Midland Ry. Co. v. Evans Construction Co.* (1965), 32 Ill. 2d 600, 208 N.E.2d 573, an employee of plaintiff railroad company was injured when he stumbled over a railroad tie while performing switching operations on premises owned by defendant. The employee filed a claim against plaintiff and received a settlement. Plaintiff brought a claim for indemnity against defendant. Our supreme court ruled that it was error for the trial court to grant judgment in plaintiff's favor. The court stated that where indemnity has been allowed, the conduct of the indemnitor has sometimes been characterized as the primary cause of the harm—active negligence—and that of the indemnitee has been described as a secondary cause—passive negligence. (32 Ill. 2d 600, 603.) In explaining its decision that the complaint be dismissed, the supreme court further stated as follows:

"The breach of duty relied upon to shift the entire cost of the injury from the plaintiff to the defendant must therefore be the

defendant's failure to discover and remove the tie,—a failure to see that the premises were safe for the work that was to be done. But exactly that same duty rested upon the plaintiff." 32 Ill. 2d 600, 605-06.

In the instant case, plaintiffs' allegations in the amended complaint merely state that defendant had a duty to make the premises reasonably safe for plaintiffs' employee, which is the same duty that plaintiffs possessed.

■ A motion to dismiss a complaint is properly allowed where no set of facts can be proved which would entitle a plaintiff to recover. (*Ciosek v. Indiana Harbor Belt R.R. Co.* (1979), 75 Ill. App. 3d 410, 412, 394 N.E.2d 590, 592.) We hold that in the instant case no set of facts can be proved which would entitle plaintiffs to recover against defendant.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.