DARCY E. BEAN, Ex'r of the Estate of Carl M. Bean, Deceased, Plaintiff, v. MISSOURI PACIFIC RAILROAD COMPANY, Defendant and Counter-defendant-Appellant (Goldmine Farms, Inc., Defendant and Counterplaintiff-Appellee).

Fifth District   No. 5—87—0211

Opinion filed July 8, 1988.

David B. Stutsman and Anthony L. Martin, both of Walker & Williams, P.C., of Belleville, for appellant.

Joseph R. Davidson and Shon A. Park, both of Bernard & Davidson, of Granite City, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

This appeal arises out of litigation involving a truck-train collision at the intersection of U.S. Highway 51 and the Missouri Pacific Railroad Company's (MoPac's) railroad tracks located north of Pana, Illinois. Carl Bean, MoPac's engineer, and Harold Albright, the driver of the truck owned by Goldmine Farms, Inc. (Goldmine), were killed in the accident.

On March 2, 1983, the estate of Carl Bean filed a three-count complaint in the circuit court of Madison County. Count I was brought pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. §51 et seq. (1982)), charging MoPac with negligent acts or omissions that resulted in Bean's death. Counts II and III were brought under Illinois law, charging Goldmine with negligence. Count II sought damages for Bean's "conscious pain and suffering." Count III, under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 1 et seq.), sought recovery for pecuniary loss to Bean's next of kin.

MoPac answered the complaint on May 18, 1983, denying liability and asserting Bean's negligence as an affirmative defense. On October 9, 1984, MoPac filed a counterclaim against Goldmine. In count I, MoPac denied that it was negligent and claimed that Goldmine was responsible for causing the collision. MoPac alleged that it had sustained damage to its tracks, equipment, and right of way as a result

of Goldmine's negligence and prayed for judgment against Goldmine. In count II, MoPac, while continuing to deny fault and liability, acknowledged its status as an alleged joint tortfeasor and, citing the Contribution Among Joint Tortfeasors Act (Contribution Act) (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*), claimed it was entitled to contribution from Goldmine "regarding the Bean suit" and asked that "the pro rata share of each tortfeasor be determined in accordance with his relative culpability, if any."

On October 31, 1984, Goldmine filed an answer to MoPac's counterclaim. Goldmine denied fault and liability, and moved to dismiss the counterclaim. Then, on October 3, 1986, Goldmine filed a counterclaim against MoPac wherein Goldmine denied liability, claimed that MoPac "and/or" Bean were responsible for the collision, and citing the Contribution Act, requested contribution from MoPac in the event Goldmine should be adjudged liable.

MoPac, on November 19, 1986, filed a motion to dismiss Goldmine's counterclaim, contending that Goldmine could not recover contribution from MoPac for the alleged negligence of its agent, Carl Bean, who is also plaintiff's decedent. MoPac argued that Goldmine was obliged to plead Bean's comparative negligence which, if established, would reduce the extent of Goldmine's liability to Bean's estate and would preclude a recovery in contribution from MoPac for the same conduct. MoPac additionally observed that the FELA wrongful death claim in count I and the wrongful death claim in count III under Illinois law were not coextensive as to the elements of recoverable damages. MoPac noted that the measure of damages for pecuniary loss under Illinois law is greater than what is allowed under the FELA. MoPac argued that the counterclaim of Goldmine could require MoPac to contribute an amount which far exceeds MoPac's potential liability to Bean's estate under the provisions of the FELA.

The circuit court, on March 9, 1987, filed an order denying MoPac's motion to dismiss Goldmine's counterclaim. However, the court, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), did certify three issues for an immediate appeal. We agree with MoPac's appellate counsel that the issues can be succinctly restated as follows: (1) whether Goldmine's contribution claim is preempted by the FELA where the practical effect is to expose MoPac to liability more extensive than that imposed by the FELA; (2) whether Goldmine can state a cause of action for contribution from MoPac based on the conduct of MoPac's employee, and plaintiff's decedent, Carl Bean.

We will deal first with the preemption argument advanced by MoPac on appeal. MoPac argues that the FELA limits the railroad's lia-

bility for all purposes in litigation arising out of an injury to the railroad's employee. Thus, MoPac argues that Goldmine cannot recover in an action for contribution under Illinois law what Bean cannot recover in a direct action under the FELA against MoPac, *i.e.*, damages considered nonpecuniary under the FELA such as loss of consortium and loss of society.

■ While it is true that by virtue of the supremacy clause of article VI of the Federal Constitution (U.S. Const., art. VI, cl. 2), Federal law, in most instances, overrides or preempts State law on the same subject matter (*Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 208, 85 L. Ed. 2d 206, 213, 105 S. Ct. 1904, 1909; *Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 327, 489 N.E.2d 1367, 1371), the FELA does not govern actions such as Goldmine's third-party action for contribution from MoPac. Decisions of the United States Supreme Court and the Federal circuit courts clearly establish the scope of the FELA. Referring to the FELA, Justice Lurton wrote in *Michigan Central R.R. Co. v. Vreeland* (1913), 227 U.S. 59, 66-67, 57 L. Ed. 417, 420, 33 S. Ct. 192, 194:

"By this act Congress has undertaken to cover the subject of the liability of railroad companies to their employees injured while engaged in interstate commerce. ***

\* \* \*

It therefore follows that in respect of state legislation prescribing the liability of such carriers for injuries to their employees while engaged in interstate commerce, this act is paramount and exclusive, and must remain so until Congress shall again remit the subject to the reserved police power of the States. [Citation.]"

The liability of an interstate railroad carrier to its employees for personal injuries sustained while engaged in interstate commerce is regulated by the FELA (*New York Central & Hudson River R.R. Co. v. Tonsellito* (1917), 244 U.S. 360, 61 L. Ed. 1194, 37 S. Ct. 620; *Anderson v. Burlington Northern, Inc.* (10th Cir. 1972), 469 F.2d 288); however, third-party actions for contribution arising out of the FELA are governed by State law (*Shields v. Consolidated Rail Corp.* (3d Cir. 1987), 810 F.2d 397). It would appear that Goldmine's counterclaim claim will stand or fall on the basis of Illinois law. We hold that the FELA does not preempt State laws governing the legal relationship between the railroad and third parties even though liability may arise from an accident in which a railroad employee is injured or killed.

■ We can see no reason to bar a counterclaim for contribution from MoPac despite MoPac's observation that damages recoverable

under the Illinois Wrongful Death Act are more extensive than are those recoverable under the FELA. MoPac argues that Goldmine cannot obtain by "circumvention" what Bean cannot recover in a direct action against MoPac. We note that railroads sued under the FELA have routinely maintained actions for contribution against third parties where those parties were in part responsible for injuries to a railroad employee (see *Canton R.R. Co. v. American Smelting & Refining Co.* (4th Cir. 1974), 504 F.2d 1377; *Reynolds v. Southern Ry. Co.* (N.D. Georgia 1969), 320 F. Supp. 1141; *Gaulden v. Burlington Northern, Inc.* (1982), 232 Kan. 205, 654 P.2d 383; *Ciosek v. Indiana Harbor Belt R.R. Co.* (1979), 75 Ill. App. 3d 410, 394 N.E.2d 590) and MoPac has filed a counterclaim for contribution here. In our view, it is only just that Goldmine should be entitled to file a counterclaim for contribution from MoPac if MoPac is in part responsible for causing Bean's injuries and death for which Goldmine is being sued. To be sure, there are differences in damages recoverable from MoPac under the Bean estate's FELA claim and from Goldmine under the Bean estate's Illinois wrongful death claim. For example, under the FELA, no cause of action for loss of consortium is allowed (*Kelsaw v. Union Pacific R.R. Co.* (9th Cir. 1982), 686 F.2d 819; *Howes v. Baker* (1973), 16 Ill. App. 3d 39, 305 N.E.2d 689), whereas the Illinois Wrongful Death Act does allow for recovery based on loss of consortium (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228; *Elliott v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163). If Bean's estate recovers damages for loss of consortium in the State wrongful death action, then the estate can collect the entire amount awarded for that element from Goldmine even if MoPac was in part responsible for causing Bean's death. (*Coney v. J. L. G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197 (doctrine of joint and several liability allows a plaintiff to pursue any or all joint tortfeasors for the full amount of damages).) Since State law is applicable here, we see no reason why Goldmine should be forced to pay more than its fair share of damages recoverable under the State wrongful death action simply because MoPac, an alleged joint tortfeasor, happens to be a railroad engaged in interstate commerce. If Bean's estate's claims were excluded from consideration and Goldmine brought a claim against MoPac for damage to its truck, Goldmine could, without question, recover fully for any damages MoPac was found to have caused. We see no reason to alter the result where MoPac may have played a part in causing this accident and Goldmine suffers a monetary loss because of MoPac's conduct. We hold that MoPac can be held liable in contribution to Goldmine for MoPac's proportionate share of liability notwithstanding

that MoPac could be held liable, under Illinois law, for elements of damage for which it could not be held liable in a direct action by an employee under the FELA.

■ We will now address the second issue set forth above. At oral argument, the parties agreed that Goldmine cannot support its counterclaim against MoPac by alleging the negligence of Bean. We also subscribe to this view. Where the acts of Bean are concerned, the liability of MoPac and Bean is deemed a consolidated or unified one because of their master-servant relationship. (*Bristow v. Griffitts Construction Co.* (1986), 140 Ill. App. 3d 191, 488 N.E.2d 332.) While the doctrine of vicarious liability may make MoPac liable to injured third parties as a matter of policy, MoPac is not thereby considered a wrongdoer and would not be a "tortfeasor" for purposes of the Contribution Act. (*Bristow*, 140 Ill. App. 3d at 194, 488 N.E.2d at 335.) Therefore, Goldmine cannot base its counterclaim for contribution from MoPac on Bean's alleged acts of negligence. Goldmine is required to assert comparative negligence against Bean's estate in the underlying action if it intends to argue that Bean was at fault. (*Witherell v. Weimer* (1987), 118 Ill. 2d 321, 515 N.E.2d 68.) As the parties concede, Goldmine can base its counterclaim for contribution from MoPac on independent acts of MoPac or employees other than Bean.

Having examined Goldmine's counterclaim, we find therein sufficient independent acts alleged, apart from Bean's conduct, to warrant the circuit court's denial of MoPac's motion to dismiss. However, for the aforementioned reasons, we believe that allegations of negligence pertaining to Bean's conduct should be stricken, and we so order.

The judgment of the circuit court of Madison County, insofar as it denied MoPac's motion to dismiss Goldmine's counterclaim for contribution, is hereby affirmed. However, to the extent that the counterclaim is based upon alleged negligent acts of Bean, it cannot stand and we order those allegations stricken.

Affirmed as modified and remanded.

HARRISON, P.J., and CALVO, J., concur.